## Richmond

### BRYAN ALLEN SIMON

### v.

### COMMONWEALTH OF VIRGINIA

October 5, 1979.

Record No. 781735.

Present: All the Justices.

*Lawrence C. Melton* (*Norman H. Singer,* on brief), for appellant.
*Richard B. Smith, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

I'ANSON, C.J., delivered the opinion of the Court.

Bryan Allen Simon, defendant, was convicted of involuntary manslaughter following a motor vehicular accident causing the death of Joseph Patrick Crowe. The jury fixed defendant's punishment at three months in jail, and he was sentenced accordingly.

The crucial question on this appeal is whether the doctrine of collateral estoppel barred the Commonwealth from presenting evidence on the issue of intoxication in the present case when that issue had been decided in favor of the defendant in a prior proceeding.

Prior to defendant's trial and conviction on the involuntary manslaughter charge, he had been tried in the district court on a warrant charging him with operating a motor vehicle while under the influence of alcohol. The transcript of the evidence in defendant's trial in the district court, which is a part of the record in the present case, shows that the defendant, while driving his motor vehicle at excessive speed, failed to negotiate a right-hand curve in the road. His vehicle crashed against some trees off the left-hand side of the road. Joseph Crowe

was killed, and the other three occupants of the vehicle were injured. Police officers arrived at the scene approximately thirty minutes after the accident had occurred. Officer Graves testified that the defendant had the odor of alcohol on his breath, that the defendant's eyes were "glossy," that his speech was slurred, that his gait was unsteady, and that the defendant had admitted having consumed some beers. Officers Daugherty and LeMaster testified that they detected the odor of alcohol on defendant's breath. The ambulance drivers, who had protracted contact with the defendant, testified that they did not perceive these indications of the defendant's intoxication.

The defendant was transported by ambulance from the scene of the accident to DeWitt Army Hospital where a police officer, who had followed the ambulance, advised him of this State's implied consent law. Defendant refused to sign the consent form required by the hospital before any blood could be withdrawn. He was later taken by another ambulance to Mt. Vernon Hospital where a doctor withdrew defendant's blood after he consented orally. Defendant was then arrested and charged with driving a motor vehicle under the influence of intoxicants.

The district court judge sustained defendant's motion to suppress the report of the blood-alcohol test on the ground that the defendant's refusal to sign the consent form at DeWitt Army Hospital required that he be taken before a magistrate, as delineated in Code § 18.2-268(c). The court held that the results of the blood-alcohol test taken at Mt. Vernon Hospital were inadmissible because the test was taken in violation of that statute. After reviewing the remaining evidence of intoxication, the district court acquitted the defendant of the charge of driving under the influence of intoxicants.

Prior to defendant's trial in the circuit court on the involuntary manslaughter charge, defendant moved the court to bar evidence concerning the issue of intoxication because it was inadmissible under the doctrine of collateral estoppel enunciated in *Ashe* v. *Swenson*, 397 U.S. 436 (1970). After argument of counsel, the trial court overruled defendant's motion in a letter opinion.

In the defendant's trial for involuntary manslaughter, all of the Commonwealth's witnesses who testified at the prior trial again testified concerning the events surrounding the accident and their observations of the defendant. Throughout the trial defendant objected to any mention of the issue of intoxication. In addition, defendant's blood-alcohol samples were admitted into evidence over the defendant's objection.

■ The initial issue raised by the defendant is whether the Common-

wealth was collaterally estopped from using the evidence concerning the defendant's intoxication in the subsequent prosecution for manslaughter because of the defendant's acquittal of driving under the influence of intoxicants. As noted in *Lee* v. *Commonwealth,* 219 Va. 1108, 254 S.E.2d 126 (1979), the doctrine of collateral estoppel is a constitutional requirement embodied in the fifth amendment protection against double jeopardy and is applicable to the states through the fourteenth amendment to the United States Constitution.

In *Ashe,* the United States Supreme Court defined collateral estoppel as meaning that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443. The *Ashe* Court determined that a prior acquittal for the robbery of one victim barred a second prosecution for the robbery of another victim involved in the same incident because the critical issue of the robber's identity had been decided in the earlier prosecution. The Court noted that the Constitution "surely protects a man who has been acquitted from having to 'run the gantlet' a second time" and clearly prohibited the state from bringing him before a new jury "to litigate that issue again." *Id.* at 446. The Court condemned such a practice because it allowed the prosecution to conduct a "dry run" and to perfect its case concerning the already litigated issue in a second trial. *Id.* at 447.

In subsequent decisions, the Court applied the *Ashe* test to similar cases and determined that collateral estoppel barred prosecutions subsequent to an acquittal. *See Turner* v. *Arkansas,* 407 U.S. 366 (1972); *Harris* v. *Washington,* 404 U.S. 55 (1971). More recently, the Court has noted in dictum that this constitutional policy of finality "protects the accused from attempts to relitigate the facts underlying a prior acquittal." *Brown* v. *Ohio,* 432 U.S. 161, 165 (1977).

■ Courts are in general agreement that in order to *bar a subsequent prosecution* for a different offense arising out of the same transaction, a necessary element of the offense in the second trial must have been clearly adjudicated in the earlier proceeding. *See e.g., United States* v. *Nash,* 447 F.2d 1382, 1385 (4th Cir. 1971); 80 Yale L.J. 1229, 1242 n.80 (1971). In *Lee* v. *Commonwealth, supra,* we recognized and followed this rule by holding that a judgment of dismissal of a misdemeanor warrant charging the defendant with driving under a revoked license collaterally estopped the Commonwealth from prosecuting the defendant for manslaughter and hit-and-run driving. In *Lee,* it had been stipulated that the prior acquittal rested upon the Commonwealth's failure to prove the defendant had operated his

vehicle on the day in question, an ultimate fact for all three charges. *Lee,* however, does not address the issue of whether collateral estoppel is applicable when the issue adjudicated in the first proceeding is not dispositive of an element of the crime tried in the second proceeding.

The defendant concedes that, since his acquittal for driving under the influence of alcohol does not resolve any dispositive element of involuntary manslaughter, his acquittal does not bar a subsequent prosecution for involuntary manslaughter. The defendant argues, however, that *Ashe* collaterally estops the Commonwealth from re-litigating an issue resolved in his favor by his prior acquittal in a court of competent jurisdiction even though that issue is not a dispositive fact in a subsequent prosecution.

On the other hand, the Commonwealth contends that the doctrine of collateral estoppel is limited to situations where an ultimate fact adjudicated in the defendant's favor in a prior proceeding is also dispositive of a necessary element of the offense at issue in the second proceeding. If the Commonwealth's interpretation of collateral estoppel is correct, the Commonwealth would not be collaterally estopped from establishing at the second trial the defendant's intoxication. Driving under the influence of intoxicants is not a necessary element for a conviction of involuntary manslaughter. *Ange* v. *Commonwealth,* 217 Va. 861, 862, 234 S.E.2d 64, 65 (1977); *Zirkle* v. *Commonwealth,* 189 Va. 862, 868, 55 S.E.2d 24, 28 (1949). A defendant can be convicted of involuntary manslaughter even though a jury, or a court sitting without a jury, has previously determined that he had not been intoxicated while driving. To support an involuntary manslaughter conviction, the Commonwealth could show other acts of criminal negligence proving that a defendant had operated his car in callous disregard of the rights of others.

We do not agree, however, with the Commonwealth's contention that collateral estoppel is limited to barring prosecutions. Decisions after *Ashe* by the United States Circuit Courts of Appeals have determined that, in a subsequent prosecution for an offense arising out of the same transaction, collateral estoppel bars a state's relitigation of facts that have been decided in the defendant's favor in the prior trial even though the second prosecution is not barred. *See United States* v. *Mespoulede,* 597 F.2d 329, 334-36 (2d Cir. 1979); *United States* v. *Day,* 591 F.2d 861, 868-69 (D.C. Cir. 1978); *United States* v. *Venable,* 585 F.2d 71, 77-78 (3d Cir. 1978); *Wingate* v. *Wainwright,* 464 F.2d 209, 211-15 (5th Cir. 1972); *Green* v. *United States,* 426 F.2d 661 (D.C. Cir. 1970). *See also State* v. *McKenzie,* 292 N.C. 170, 171-75, 232 S.E.2d 424, 426-28 (1977). The Sixth

Circuit Court of Appeals, however, has determined that a prior acquittal does not bar the use of such evidence in order to establish motive or a common scheme in a separate criminal transaction. *Oliphant* v. *Koehler,* 594 F.2d 547, 554-55 (6th Cir. 1979). The Eighth Circuit Court of Appeals has allowed such evidence when different transactions are involved and the evidence is used in rebuttal. *King* v. *Brewer,* 577 F.2d 435 (8th Cir. 1978), *cert. denied,* 99 S.Ct. 1238 (1979). In *United States* v. *Kills Plenty,* 466 F.2d 240 (8th Cir. 1972), *cert. denied,* 410 U.S. 916 (1973), a case upon which the Commonwealth heavily relies, the Eighth Circuit rejected the defendant's contention that a prior acquittal for driving while intoxicated *barred a subsequent prosecution* for involuntary manslaughter. The Eighth Circuit in *Kills Plenty,* however, did not address the issue whether a prior acquittal for driving while intoxicated *barred evidence* designed to establish the defendant's intoxication in a subsequent trial for involuntary manslaughter. In summary, these decisions by the Sixth and Eighth Circuits do not address the issue whether collateral estoppel bars the use of such evidence when it is used in the prosecution's case to establish a different offense arising out of the same criminal transaction.

We conclude that, under the weight of authority and the principles set forth in *Ashe,* the Commonwealth is barred from introducing evidence to prove an offense for which a defendant has been previously acquitted, even though the facts necessarily resolved in the acquittal are not dispositive of an element of the offense charged in the second trial. Nothing within *Ashe* indicates that it is limited to barring a second prosecution when both crimes involve elements necessarily resolved in the defendant's favor by a prior acquittal. *Ashe* instead seems to focus upon the relitigation of issues of ultimate fact. *See Ashe,* 397 U.S. at 442, 443. To hold otherwise would mean that an acquittal in a criminal case would no longer serve to clear a person's reputation concerning the issues decided in his favor. *United States* v. *Mespoulede,* 597 F.2d at 335 n.9. The defendant could no longer be assured that he could be ultimately cleared of the offense of which he has been acquitted. *Wingate* v. *Wainwright,* 464 F.2d at 215. A contrary holding would also allow a prosecutor to engage in the practice expressly prohibited in *Ashe:* the prosecutor's treating "the first trial as no more than a dry run for the second prosecution" and "refin[ing] his presentation in light of the turn of events at the first trial." *Ashe,* 397 U.S. at 447. That the defendant may have to "run the gantlet" again in any event does not attenuate a defendant's interest in avoiding the strain and expense of relitigating an issue

already resolved. *Mespoulede,* 597 F.2d at 335 n.10. "To put it bluntly, to refuse to allow the assertion of collateral estoppel in this case [where the issue sought to be excluded is not a *sine qua non* of conviction in the second trial] would simply be inequitable." *Id.* at 335.

■ Having resolved that the Commonwealth is barred from introducing evidence in order to relitigate an issue already resolved in a defendant's favor, we turn now to a consideration of whether the Commonwealth violated this principle in this case. In determining which issues have necessarily been decided by an acquittal in a prior trial, we must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational [fact-finder] could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe,* 397 U.S. at 444. Collateral estoppel becomes applicable only when the prior acquittal necessarily resolved the issue now in litigation. *C. A. Jones* v. *Commonwealth,* 217 Va. 231, 233, 228 S.E.2d 127, 129 (1976). The party seeking the protection of collateral estoppel has the burden of "proving that the precise issue or question he seeks to preclude was raised and determined in the first action." *Clodfelter* v. *Commonwealth,* 218 Va. 98, 106, 235 S.E.2d 340, 345, *reversed on other grounds,* 218 Va. 619, 238 S.E.2d 820 (1977).

In defendant's earlier trial for driving while under the influence of intoxicants, the district court determined that the blood test had been taken in violation of Code § 18.2-268(c) and excluded the evidence derived from the blood test. The court also heard various Commonwealth witnesses testify that the defendant's physical appearance and behavior indicated he was driving while under the influence of intoxicants. Several of the Commonwealth's witnesses acknowledged on cross-examination that they did not observe the indicia of intoxication. At the conclusion of the Commonwealth's presentation of evidence, the defendant's counsel moved to strike the Commonwealth's evidence because it was insufficient, as a matter of law, to establish that the defendant was intoxicated while operating a motor vehicle. The district court granted the motion to strike, thus holding that the defendant was not guilty of driving under the influence of intoxicants. Since the defendant's counsel did not attempt to show that the Commonwealth had not carried its burden with respect to whether the defendant had been driving the vehicle, the district court's conclusion was clearly based upon a determination that the Commonwealth had failed to establish the necessary element of legal intoxication.

Thus, under the dictates of *Ashe,* the issue of intoxication could not be relitigated in a subsequent proceeding.

In the subsequent trial for involuntary manslaughter, the circuit court erroneously allowed the Commonwealth to relitigate the very issue that had been determined in the prior trial for driving under the influence of intoxicants. In his opening argument before the jury, the Commonwealth's attorney contended that "the defendant was driving while intoxicated." The Commonwealth introduced into evidence the very blood test that had been determined to be inadmissible in the prior trial. In his closing argument, the Commonwealth's attorney placed great emphasis upon the defendant's intoxication as a basis for finding him guilty of involuntary manslaughter. The Commonwealth's attempt to relitigate the issue of intoxication was barred by *Ashe.* Although the defendant may be tried for involuntary manslaughter because the issue of intoxication is not necessarily dispositive of the crime of involuntary manslaughter, the Commonwealth should have been barred from presenting evidence to show that the defendant was intoxicated while operating the motor vehicle. Consequently, the judgment of the court below must be reversed and the case remanded for further proceedings, if the Commonwealth elects to try the defendant again for involuntary manslaughter.

To understand the limits of our holding, it is necessary to scrutinize the exact meaning of the district court's determination that defendant was not guilty of driving under the influence of intoxicants. In *Gardner* v. *Commonwealth,* 195 Va. 945, 81 S.E.2d 614 (1954), this Court held that the definition of "intoxication" found in Code § 4-2 (14) is the standard for determining whether a person is "under the influence" of alcohol within the meaning of former Code § 18-75, a predecessor of Code § 18.2-266. Under that standard, the district court's ruling determined that defendant had not "drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation." Such a determination is not a finding that defendant had not been drinking before the accident.

Since the Commonwealth is collaterally estopped from relitigating only those issues previously adjudicated in defendant's favor, the Commonwealth is not estopped to introduce evidence to prove a fact other than legal intoxication, *viz.,* that defendant had been drinking before the accident.

The quantity of alcohol consumed by an automobile driver, even though not enough to cause legal intoxication, may be sufficient to impair his capacity to perceive the dangers with the clarity, make the

decisions with the prudence, and operate the vehicle with the skill and caution required by law. We recognized this fact in *Beck* v. *Commonwealth*, 216 Va. 1, 5, 216 S.E.2d 8, 10 (1975), when we said that evidence showing "a level of intoxication lower than that necessary to a conviction for violation. of Code § 18.1-54 . . . is germane to the question of criminal negligence."

Accordingly, upon retrial, the Commonwealth is not estopped from introducing evidence that defendant consumed alcohol shortly before the accident. If such evidence is introduced, the jury should be instructed that such conduct is a circumstance to be considered in determining whether defendant was guilty of "negligence so gross, wanton, and culpable as to show a reckless disregard of human life." *King* v. *Commonwealth*, 217 Va. 601, 607, 231 S.E.2d 312, 316 (1977). However, the jury must further be instructed that defendant was not legally intoxicated within the definition contained in Code § 4-2(14).

Having decided that the Commonwealth may introduce evidence to show that defendant had been drinking before the accident, we now consider whether the results of defendant's blood test may be used for that purpose. The circuit court concluded that defendant's refusal to sign the consent form at DeWitt Hospital did not constitute a refusal to submit to a blood test within the contemplation of Code § 18.2-268(c). On appeal, defendant argues that the Commonwealth was collaterally estopped by the district court's contrary ruling. The record of the proceeding below discloses that defendant did not claim in the circuit court that the Commonwealth was estopped to relitigate the district court's ruling on the issue of consent, and we will not consider the claim for the first time on appeal. Rule 5:21. Alternatively, defendant argues that the evidence before the circuit court established his refusal as a matter of law and that the circuit court erred in ruling otherwise. We disagree. The evidence before the circuit court showed that defendant's refusal to sign the consent form required by DeWitt Hospital's regulations was based upon his reluctance to sign his name to a printed document whose contents implied that he had been the driver of the automobile, not upon his unwillingness to submit to a blood test. Indeed, defendant orally expressed his willingness to give a blood sample at DeWitt Hospital and renewed his consent at Mt. Vernon Hospital. We hold that this evidence fully supports the circuit court's determination that defendant's conduct at DeWitt Hospital did not constitute a refusal to submit to a blood test within the contemplation of the statute.

Our holding does not mean, however, that the test results are

necessarily admissible to prove that defendant had been drinking. For that purpose, such evidence would be merely cumulative. In light of the presumption of intoxication which Code § 18.2-269(3) attaches to the level of alcoholic content revealed by two analyses of defendant's blood, we believe the prejudicial effect of this evidence would outweigh its probative value. Since the Commonwealth is estopped to prove legal intoxication, we hold that upon retrial the Commonwealth may not introduce the test results during its case-in-chief for any purpose. If, however, defendant presents evidence on retrial that he was not drinking before the accident, evidence of the test results will be competent on rebuttal, because its probative value would then outweigh its prejudicial effect.

The judgment of the circuit court is reversed and the case is remanded for proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*