## Alexandria

TOBBEY I. ALATISHE, a/k/a TYRONE CLEVELAND

v.

COMMONWEALTH OF VIRGINIA

No. 0188-90-4

Decided April 30, 1991

Counsel

Peter D. Greenspun (Sarah Deneke; Klein & Greenspun, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General; Thomas D. Bagwell, Senior Assistant Attorney General, on brief), for appellee.

Opinion

COLEMAN, J.—We affirm the convictions of Tobbey I. Alatishe for robbery and use of a firearm in the commission of robbery. We hold that the trial court did not err by admitting into evidence Alatishe's out-of-court statement to the effect that on the day of the robbery, he was not in Virginia and knew nothing about it. The statement was a party admission and was admissible as an exception to the hearsay rule. We further hold that the delay in taking Alatishe before a magistrate as required by Code § 19.2-80 does not require suppression of the statement obtained from Alatishe during the period of that delay.

Investigator Gary Healy of the Fairfax Police Department brought Alatishe back to Virginia from Washington, D.C. after he waived extradition. While Alatishe was in custody in Washington and after being advised of his *Miranda* rights, he denied being at the robbery scene and gave an alibi account of where he was at the time of the crime. After Healy picked up the arrest warrant in Virginia, but before taking Alatishe to a magistrate as required by Code § 19.2-80, Healy took Alatishe to an office at police head-quarters to process and interview him. During that interview, Alatishe admitted that his prior alibi was false; he admitted being at the robbery scene but denied any participation in it.

### ADMISSION OF A PARTY OPPONENT

Alatishe argues that the alibi statement which he gave to the Virginia officer in Washington was hearsay and was inadmissi-

ble during the Commonwealth's case in chief.[1] Alatishe's statement was a party admission and admissible as an exception to the hearsay rule. *See Land v. Commonwealth*, 211 Va. 223, 176 S.E.2d 586 (1970). The party admission exception to the hearsay rule does not require that the statement be inculpatory or incriminating at the time it was made. C. Friend, *The Law of Evidence in Virginia* Hearsay §§ 252-53 (3d ed. 1988). Any statement by a party to the proceedings, including an out-of-court statement by a defendant in a criminal case, is admissible as an exception to the hearsay rule when offered against that party. *See* E. Cleary, *McCormick on Evidence* § 262 (3d ed. 1984); Fed. R. Evid. § 801(d)(2). Of course, the statements of a party opponent, especially in a criminal case, may be inadmissible for a variety of other reasons, such as relevancy or the constitutional constraints on the admission of "confessions." Nonetheless, such statements are not barred by the hearsay rule. Thus, the fact Alatishe's statements were not "incriminatory" when made does not render them inadmissible.

## STATEMENT OBTAINED DURING DELAY IN BRINGING BEFORE MAGISTRATE

Code § 19.2-80 requires that an officer making an arrest with a warrant bring the suspect "without unnecessary delay" before a judicial officer having the authority to grant bail. Here, the arresting officer, Healy, first transported Alatishe to police headquarters to pick up the warrant. Before taking Alatishe before a magistrate, Healy then took Alatishe to an adjacent center for processing and to interview him. During this interrogation, Alatishe admitted that he was present at the robbery, but he denied participating in it. Alatishe admitted that his prior alibi given in Washington was false.

■ We uphold the ruling of the trial court that the delay in bringing Alatishe before the magistrate in violation of Code § 19.2-80 does not require exclusion of his statements. This statutory violation does not rise to the level of constitutional violation. We perceive no meaningful distinction between a series of Virginia Supreme Court cases dealing with the requirements in

---

[1] Since Alatishe had not testified at the time the statement was admitted, we do not address the trial court's ruling that the statement was inadmissible to impeach Alatishe's credibility.

Code § 19.2-82 that a person arrested without a warrant be brought "forthwith" before a magistrate, and the requirement of Code § 19.2-80 that a person arrested with a warrant be brought "without unnecessary delay" before a judicial officer. The rationale of the holdings in *Frye v. Commonwealth*, 231 Va. 370, 345 S.E.2d 267 (1986), and *Horne v. Commonwealth*, 230 Va. 512, 339 S.E.2d 186 (1986), is equally controlling here. Assuming that the one to one and one-half hour delay for processing and interviewing Alatishe was unnecessary, "[f]ailure promptly to present a defendant as required by Code § [19.2-80] is a mere procedural violation where it involves no constitutional error," *Frye*, 231 Va. at 376, 345 S.E.2d at 273, and a statement obtained without infringing constitutional safeguards is admissible.

## RIGHT TO COUNSEL

Alatishe also asserts that during the delay in bringing him before a magistrate, he was interrogated in violation of his sixth amendment right to counsel, since he was interviewed without counsel present after presumably having had counsel appointed in Washington for his extradition proceedings. He argues that the officer "knew or assumed" that Alatishe was represented by counsel in the District of Columbia, and therefore, because he had counsel, Healy should have known that Alatishe wanted to deal with the authorities only through counsel. Alatishe relies upon the holding in *Arizona v. Roberson*, 486 U.S. 675 (1988), to argue that an interrogation after an accused has requested counsel is a violation of the sixth amendment, and any statements obtained therefrom are not admissible unless the record clearly shows a knowing and voluntary waiver.

Alatishe did not contend, however, in the trial court that the statements obtained in Virginia were in violation of his sixth amendment constitutional right to counsel. His sole challenge to the statement in the trial court was on the ground that there was "unnecessary delay" in violation of Code § 19.2-80 in taking him before a judicial officer. We will not consider an issue for the first time on appeal. Rule 5A:18; *see also Ingram v. Commonwealth*, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986). One of the several underlying salutary reasons for the application of Rule 5A:18 is apparent here since the record as to whether Alatishe had counsel was not sufficiently developed because the issue had not been raised in the trial court. The record does not affirmatively show

that a miscarriage of justice has occurred; thus, we will not address the argument to ensure that the ends of justice have been achieved. *Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

We uphold the rulings of the trial court and affirm the convictions.

*Affirmed.*

Keenan, J., and Moon, J., concurred.