COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


ROBERT ELMORE, S/K/A
 ROBERT D. ELMORE
                                              OPINION BY
v.          Record No. 2366-94-2     JUDGE SAM W. COLEMAN III
                                              MAY 14, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Oliver A. Pollard, Jr., Judge

            Peter D. Eliades (Marks & Harrison, on
            brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Robert D. Elmore was convicted in a bench trial of bank

robbery and use of a firearm in the commission of a robbery.

Elmore contends that the Commonwealth did not prove that he

actually possessed a firearm and, therefore, the evidence is

insufficient to sustain the conviction for use of a firearm in

the commission of a robbery in violation of Code § 18.2-53.1.  We

hold that the evidence is sufficient and affirm the defendant's

conviction.

     At approximately 9:07 a.m. on March 10, 1995, the defendant

entered the First Colonial Bank in Petersburg and approached Noni

Deets, a teller at the bank.  The defendant handed Deets a blue

"bank bag," and Deets immediately became "suspicious" because the

bag was light and contained a note.  Deets testified that the

note stated, "this is a robbery."  The note also stated that the

defendant did not want to hurt anyone and instructed Deets to "quietly put all [her] twenties, fifties and hundreds in the bank bag." Deets explained the events that followed:

> After I read the note I looked back down, like I couldn't believe what he was doing. He looked at me and he said, very quietly, I don't want to hurt anyone. And then he pointed to his pocket. And that indicated to me there was a gun, <u>like he had stated in his note</u>.

(Emphasis added). Deets put money in the bag, including "bait money" that triggered the alarm system. The defendant grabbed the bag and the note and fled from the bank.

Deets recognized the bank photograph of the robber but could not identify the defendant in court. However, two other bank employees who were present during the robbery positively identified the defendant as the person who robbed Deets.

The defendant was indicted for bank robbery, use of a firearm in the commission of a robbery, and entering a bank while armed with a deadly weapon. After the Commonwealth presented its case, the defendant moved to strike the evidence on all three charges on the ground that the evidence was insufficient to prove that he was the person who committed the robbery. The trial court overruled the motion with respect to the indictments for bank robbery and use of a firearm in the commission of a robbery but struck the evidence as to the charge of entering a bank with a deadly weapon because the Commonwealth failed to prove "the

actual existence of a weapon."[1]  After the defendant presented

[1] On its face, the trial court's striking the evidence on the foregoing ground appears to be inconsistent with the defendant's conviction for the use of a firearm in the commission of robbery.  Although it is well established that in a jury trial, the defendant cannot attack a conviction on the ground that it is inconsistent with a verdict of acquittal on a related charge, United States v. Powell, 469 U.S. 57, 63 (1984); Sullivan v. Commonwealth, 214 Va. 679, 679-80, 204 S.E.2d 264, 265 (1974), no Virginia case has addressed inconsistent verdicts in a bench trial.  Other jurisdictions, however, have held that the considerations that may justify inconsistent jury verdicts do not apply in a bench trial.  See, e.g., United States v. Maybury, 274 F.2d 899, 903 (2d Cir. 1960); Haynesworth v. United States, 473 A.2d 366, 368 (D.C. 1984); Shell v. State, 512 A.2d 358, 363 (Md. 1986).  We are unwilling to fully address the issue in the context of the present case; it has not been briefed or argued by the parties.  Nevertheless, assuming for purposes of this appeal that inconsistent verdicts in a bench trial are grounds for reversal in Virginia, we hold that the defendant's conviction for use of a firearm in the commission of robbery is not inconsistent with the dismissal of the charge for entering a bank while armed with a deadly weapon.

The elements necessary to prove the existence of a "firearm" under Code § 18.2-53.1 are not necessarily identical to those required to establish the existence of a "deadly weapon" under Code § 18.2-93.  Compare Holloman v. Commonwealth, 221 Va. 196, 197-99, 269 S.E.2d 356, 357-58 (1980) (holding that a spring-operated BB gun is a firearm for purposes of Code § 18.2-53.1) with Cox v. Commonwealth, 218 Va. 689, 690, 240 S.E.2d 524, 525 (1978) (holding that a pistol that was "capable of firing live ammunition" was a deadly weapon even though it was actually "loaded with wooden bullets") (emphasis added).  Here the trial court expressly noted that the Commonwealth had to prove that the defendant entered the bank while armed "with a deadly weapon" and "struck the firearms in the bank [charge] because the specific firearm had not been prove[d]."  (Emphasis added).  These statements indicate that the court found the evidence was insufficient to prove the existence of a deadly weapon because the Commonwealth did not show the specific type of firearm the defendant allegedly possessed.  Therefore, in dismissing the charge for entering a bank while armed with a deadly weapon, the trial court did not necessarily find that the evidence was insufficient to prove the existence of a firearm under Code § 18.2-53.1.  Cf. Simon v. Commonwealth, 220 Va. 412, 418, 258 S.E.2d 567, 571 (1979) ("Collateral estoppel becomes applicable only when the prior acquittal necessarily resolved the issue now in litigation"); Lee v. Commonwealth, 219 Va. 1108, 1111, 254 S.E.2d 126, 127 (1979) ("[C]ollateral estoppel does not apply if

his evidence, the court convicted him of the remaining two charges.

To obtain a conviction under Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner." Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). On appeal, the evidence must be reviewed in the light most favorable to the Commonwealth and must be accorded all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's judgment will not be disturbed unless it "is plainly wrong or without evidence to support it." Id.

In Yarborough, the accused approached the victim and stated, "this is a stickup[;] give me all your money." 247 Va. at 217, 441 S.E.2d at 343. The victim testified that the accused had both of his hands in his pockets as he approached and that "[s]he saw `something protruding . . . from his right hand pocket of his jacket,' and she `thought [there] was a gun in his pocket.'" Id. On appeal, the Supreme Court held that "the fact that [the victim] merely thought or perceived that [the accused] was armed is insufficient to prove that he actually possessed a firearm."

_____

it appears that the prior judgment could have been grounded 'upon an issue other than that which the defendant seeks to foreclose from consideration'") (quoting Ashe v. Swenson, 397 U.S. 436, 444 (1970)).

Id. at 219, 441 S.E.2d at 344. The defendant contends that Yarborough is controlling here because the evidence is insufficient to prove that he actually possessed a firearm.

In Sprouse v. Commonwealth, 19 Va. App. 548, 453 S.E.2d 303 (1995), we held that in light of Yarborough a "defendant may not be convicted for the use of a firearm under Code § 18.2-53.1 unless the evidence discloses beyond a reasonable doubt that the object used to cause the victim to reasonably believe it was a firearm was, in fact, a firearm." Id. at 551-52, 453 S.E.2d at 306. Therefore, we held that the evidence was insufficient to sustain a conviction under Code § 18.2-53.1 where the Commonwealth conceded at trial that the object Sprouse used during the robbery "was a toy pistol." Id. at 550, 453 S.E.2d at 305. In Sprouse, we would not permit the fact finder to infer from circumstantial evidence that an object was a firearm, where the Commonwealth conceded that the uncontroverted direct evidence proved that the object was not a firearm.

Conversely, in Wilson v. Commonwealth, 19 Va. App. 535, 452 S.E.2d 884 (1995), we affirmed a conviction under Code § 18.2-53.1 where the victim "stated that she saw [a] gun's brown handle hanging out of [the accused's] jacket pocket during the robbery." Id. at 537, 452 S.E.2d at 885. Although the gun was not produced at trial, the victim "stated that she knew what guns looked like and she was sure she saw the handle of a gun." Id.

Here, Noni Deets testified that the note the defendant gave

her stated that he had a "gun."

> And then he pointed to his pocket.  And that indicated to me there was a gun, <u>like he had stated in his note</u>.[2]

An out-of-court statement by the defendant that admits or acknowledges a fact or facts tending to prove guilt is admissible in evidence against the defendant.  <u>See</u> <u>Caminade v. Commonwealth</u>, 230 Va. 505, 510, 338 S.E.2d 846, 849 (1986); <u>Alatishe v. Commonwealth</u>, 12 Va. App. 376, 378, 404 S.E.2d 81, 82 (1991).  Thus, the evidence in this case, unlike the evidence in <u>Yarborough</u>, consists of more than the victim's mere belief or perception that the defendant had a gun.  Here, the defendant's out-of-court statement admitted the existence of a "gun."  The circumstances here are distinguishable from those in <u>Sprouse</u>, where the Commonwealth conceded at trial that Sprouse used a toy pistol.  The only evidence that refutes the defendant's admission that he possessed a firearm is his general denial, which the trial court rejected.

The record reveals that the defendant gave Deets a note stating that he had a "gun," pointed to his pocket and said that he did not want to hurt anyone.  This evidence is sufficient to prove beyond a reasonable doubt that the defendant actually possessed a firearm and used it in a threatening manner.

---

[2] Deets testified that the defendant took the note before leaving the bank.  Therefore, the note was unavailable at trial and Deets' testimony regarding the contents of the note was admissible.  Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 16-5, at 646-47 (4th ed. 1993).

Accordingly, we affirm the defendant's conviction under Code § 18.2-53.1.

Affirmed.

Elder, J., dissenting.

I respectfully dissent from the majority's opinion. Because the Commonwealth did not prove that the defendant actually possessed a firearm, the evidence failed to support the defendant's conviction for use of a firearm during the commission of a robbery.

As the majority acknowledges, the defendant was originally indicted and tried on three charges: (1) bank robbery, (2) use of a firearm in the commission of a robbery, and (3) entering a bank while armed with a deadly weapon. After the Commonwealth presented its case, the defendant moved to strike the evidence on all three charges. The trial court struck the evidence as to the charge of entering a bank with a deadly weapon because the Commonwealth failed to prove the actual existence of a weapon. However, the trial court overruled the motion with respect to the indictments for bank robbery and use of a firearm in the commission of a robbery.

The trial court's finding that the Commonwealth failed to prove "the actual existence of a weapon" is inconsistent with its ruling that the evidence is sufficient to prove that the defendant used a firearm in the commission of a robbery.[3] The trial court made an explicit factual finding that the defendant

---

[3] The majority correctly cites Yarborough for the proposition that to obtain a conviction for use of a firearm in the commission of a robbery, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner." Yarborough, 247 Va. at 218, 441 S.E.2d at 344.

- 8 -

did not possess a weapon, which in this case, was argued to be a firearm. Therefore, no evidence supported the trial court's judgment that the defendant used a firearm in the commission of a robbery. Where a trial court's judgment lacks evidence to support it, or where it is plainly wrong, this Court may disturb the judgment. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987); Code § 8.01-680.

In footnote one, the majority attempts to resolve the trial court's inconsistent ruling. The majority cites case law standing for the proposition that a firearm may not necessarily qualify as a "deadly weapon." The majority therefore concludes that the fact of whether the defendant possessed a firearm was not necessarily resolved or found by the trial court's dismissal of the charge for entering a bank armed with a deadly weapon. The majority ignores the trial court's explicit finding that the defendant was not in possession of a weapon, as opposed to a deadly weapon. This distinction is critical. As discussed above, once the trial court found that the defendant did not possess a weapon for one purpose (the charge of entering the bank with a deadly weapon), logically and consistently the trial court could not conclude that the defendant somehow possessed a firearm for another purpose (the charge of use of a firearm in the commission of a robbery).

For these reasons, I would reverse and dismiss the defendant's conviction for use of a firearm in the commission of a robbery.