COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Olitsky[*]
Argued at Richmond, Virginia


HAROLD ALONZO WILKINS

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2606-98-2          JUDGE ROBERT J. HUMPHREYS
                                         AUGUST 22, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                   Robert G. O'Hara, Jr., Judge

          Christopher B. Ackerman (James R. Traylor and
          Associates, on brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Jeffrey S. Shapiro, Assistant Attorney
          General, on brief), for appellee.


     Harold Alonzo Wilkins appeals his conviction in a bench

trial of using a firearm during the commission of a robbery.

Wilkins complains that the trial court erred in finding that the

evidence was sufficient as a matter of law to support a

conviction.  We disagree and affirm his conviction for the

reasons that follow.

     [*] Retired Judge Norman Olitsky took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I. BACKGROUND

On the evening of June 22, 1997, Wilkins entered a Hampton Inn wearing a gray T-shirt and jeans, carrying a bag. Wilkins approached the front desk and handed the hotel clerk, Melinda Henry, a note, which read "have gun, will shoot, large bills". At trial Henry testified that there was no one else present in the hotel lobby at that time. She testified that Wilkins stood behind the counter, which was about four to five feet high and two feet in width, causing her view of Wilkins' body to be blocked from the chest down.

Henry further testified that she never saw a weapon, nor did she see Wilkins make any movements, which would indicate that he had a weapon. She also testified that she saw both of his hands during the incident. However, she stated she "had no reason to doubt that he didn't have a weapon." Henry put the note down on the counter, went to the cash drawer, and pulled out all of the large bills which totaled approximately $200-$400. In a low voice, Wilkins told her to "remain calm [- j]ust be calm." Henry then gave Wilkins the bills, which he put into the bag he was carrying before exiting the lobby of the hotel.

Two days later, on July 24, 1997, Wilkins returned to the Hampton Inn. He again approached the front desk with a bag in his hand. At that time, he told the clerk, "give me all the money in the register . . . don't be stupid and get anyone

-

shot."  After the clerk gave Wilkins the money from the drawer, Wilkins turned to another person who was standing behind the front desk and said, "give me yours too."  That person was a police officer wearing plain clothes.  When the officer drew her gun and identified herself, Wilkins ran.  The police captured him in the parking lot.  Wilkins had no weapon at that time.

Wilkins admitted to robbing the hotel clerk on both occasions, because he needed money to buy drugs.  However, Wilkins testified that he did not have a gun during either robbery.  He further stated that in giving Henry the note, his "intent [during the first robbery] was to get her to give [him] the money."  When asked, "was it your intent to make her think you had a gun," Wilkins replied, "[y]es[, t]hat's why I gave her the note."

At the conclusion of the evidence, the trial judge found Wilkins "guilty by the circumstantial evidence which convicts him beyond a reasonable doubt" of use of a firearm in the commission of a robbery on June 22, 1997.[1]

## II.  ANALYSIS

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable

---

[1] Wilkins was also found guilty of two counts of robbery and one count of attempted robbery.  However, he appeals only the conviction for use of a firearm.

-

inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.  Code § 8-491."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Moreover, "[i]f there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion."  Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72 (1998).

Code § 18.2-53 provides that "[i]t shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery . . . ."  In Yarborough v. Commonwealth, the Supreme Court of Virginia held that in order to obtain a conviction under "Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner. . . ."  Yarborough, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994).  In reaching that conclusion, the Supreme Court found that a victim's perception that an accused is armed, without more, is insufficient to support a conviction under Code § 18.2-53.1 which requires "actual possession" of a

-

firearm as a necessary element of the offense.  Id. at 219, 441 S.E.2d at 344.

There is no question here that Wilkins did not "display" a firearm during the June 22, 1997 robbery.  There is also no question that Wilkins threatened the clerk by stating "have gun, will shoot".  At trial, the trier of fact was merely concerned with whether the evidence established that Wilkins "actually possessed" a firearm in such context that it was "used" in the commission of the robbery.

We considered this very issue in Elmore v. Commonwealth, where we held that "[a]n out-of-court statement by the defendant that admits or acknowledges a fact or facts tending to prove guilt is admissible in evidence against the defendant."  Elmore v. Commonwealth, 22 Va. App. 424, 429, 470 S.E.2d 588, 590 (1996).  In Elmore, the victim (a bank teller) testified that the accused gave her a note which stated "this is a robbery".  The victim further testified that the accused pointed to his pocket and indicated there was a gun there "like he had stated in his note".  Id. at 426, 470 S.E.2d at 588.  We found that the evidence concerning the note and the accused's action in pointing to his pocket established "more than the victim's mere belief or perception that the defendant had a gun . . . [because] the defendant's out-of-court statement admitted the existence of a 'gun.'".  Id. at 429, 470 S.E.2d at 590.

-

Wilkins relies upon our holding in Elmore, and the specific facts of that case, to argue that the note, in and of itself, was insufficient to prove that Wilkins had a gun during the June 22 robbery. Wilkins argues that, under the facts of Elmore, there must have been something more -- a gesture, a swift movement, or actual sight of the gun -- in order for the evidence to be sufficient to support a conviction under Code § 18.2-53.1. However, Wilkins' reliance on Elmore is unfounded.

In Elmore, we very simply found that the accused's out-of-court statement admitting possession of a weapon, was sufficient evidence to support a conviction. Furthermore, we have since applied Elmore, and similar cases, to reinforce that holding by stating that "circumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm." McBride v. Commonwealth, 24 Va. App. 603, 607, 484 S.E.2d 165, 167 (1997) (en banc). In McBride, the accused merely "pushed" an object that the victim never saw, up against the victim's back and said, "[d]on't turn around or I'll shoot." Id. at 605, 484 S.E.2d 165, 166.

In the present case, Wilkins admits that the note he handed to Henry stated "have gun, will shoot . . .". However, at trial, Wilkins claimed that he didn't have a gun and thus, his

-

"out of court admission", without more, was insufficient to support a conviction. We disagree.

Wilkins simply made two contradicting factual statements. First, he told the clerk, at the time of the robbery, that he did have a gun. At trial, Wilkins told the fact finder that he didn't have a gun. The fact finder believed Wilkins' first statement and not his second. It is well settled that "[t]he credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. [Furthermore] [i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

As stated above, we have held that an out-of-court admission is sufficient evidence to support a conviction for use of a firearm. Thus, viewing the evidence in the light we must, we cannot find that the trial court acted unreasonably in believing Wilkins' initial statement, admitting that he actually possessed a firearm during the robbery.

Affirmed.

-

Benton, J., dissenting.

Code § 18.2-51.1 forbids "any person to use or attempt to use any . . . firearm . . . while committing or attempting to commit . . . robbery."  In Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), the Supreme Court held that "to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm . . . while committing . . . robbery."  Id. at 218, 441 S.E.2d at 344 (emphasis added). This holding states in the conjunctive the necessary elements.

The evidence in this case proved neither element required by Yarborough.  No evidence, circumstantial or direct, proved beyond a reasonable doubt that Wilkins either actually had a firearm in his possession or used or attempted to use a firearm. Furthermore, although I believe that Elmore v. Commonwealth, 22 Va. App. 424, 470 S.E.2d 588 (1996), was wrongly decided, this case is substantially dissimilar to Elmore, where the defendant both gave a note stating he had a gun and pointed to his pocket. The threat to use the gun, which Elmore apparently turns upon, is not present in this case.

For these reasons, and for the reasons more fully stated in McBride v. Commonwealth, 24 Va. App. 603, 608-12, 484 S.E.2d 165, 168-70 (1997) (en banc) (Benton, J., with whom Coleman, J., joins, dissenting), I would hold that the evidence was insufficient to prove beyond a reasonable doubt that Wilkins actually had a

-

firearm or attempted to use a firearm in the commission of the robbery.  Therefore, I dissent.