COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


JAMES ARTIS

MEMORANDUM OPINION[*] BY
v.    Record No. 3259-01-1          JUDGE LARRY G. ELDER
                                     DECEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Charles B. Lustig, Assistant Public Defender,
for appellant.

Kathleen B. Martin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


James Artis (appellant) appeals from his bench trial

conviction for use of a firearm in the commission of robbery in

violation of Code § 18.2-53.1.  On appeal, he contends the

holding in Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d

342 (1994), compels the conclusion that the evidence was

insufficient to prove he actually possessed a firearm and that

this Court's interpretation of Yarborough in Elmore v.

Commonwealth, 22 Va. App. 424, 470 S.E.2d 588 (1996), and other

cases is erroneous.  We hold that the reasoning of Yarborough as

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

applied in Elmore controls the outcome of the case, and we affirm appellant's conviction.

On appeal, we view the evidence in the light most favorable to the Commonwealth and accord the evidence all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Moreover, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 846, 876 (1983).

To obtain a conviction under Code § 18.2-53.1,

> the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner. . . . [T]he fact that [the victim] merely thought or perceived that [the accused] was armed is insufficient to prove that he actually possessed a firearm.

Yarborough, 247 Va. at 218-19, 441 S.E.2d at 344. Although proof of "possession of a firearm is an 'essential element' of the offense," id. at 219, 441 S.E.2d at 344, "circumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm," McBride v. Commonwealth, 24 Va. App. 603, 607-08, 484 S.E.2d 165, 167-68 (1997) (en banc) (affirming conviction where defendant "'pushed'

- 2 -

an object into the victim's back and told him he would 'shoot' if the victim did not cooperate").

We applied these principles in Elmore, which involved the robbery of a bank. There, we held the evidence was sufficient to prove the defendant possessed an actual firearm where he gave the bank teller a note which said he was there to rob the bank and had a gun, coupled with the defendant's statement, which he made while pointing at his pocket, that he did not want to hurt anyone. 22 Va. App. at 426, 429-30, 470 S.E.2d at 588-89, 590. Thus, we held, "the evidence in [Elmore], unlike the evidence in Yarborough, consist[ed] of more than the victim's mere belief or perception that the defendant had a gun." Elmore, 22 Va. App. at 429, 470 S.E.2d at 590; see also McBride, 24 Va. App. at 607, 484 S.E.2d at 168 (implicitly approving of reasoning in Elmore).

Here, as in Elmore, the evidence also consisted of more than the victim's mere belief that appellant may have had a gun. Appellant entered the victim's store with his hand behind his back, beneath his baggy shirt, and expressly said to the victim, "Don't make me pull this gun out of my pants." Although the victim did not know whether appellant did, in fact, have a gun, appellant's threat was sufficient to cause the victim to relinquish all the money in the cash register. Finally, here, as in Elmore, "[t]he only evidence that refute[d] [appellant's] admission that he possessed a firearm [was] his general denial [at trial], which the trial court rejected," as it was free to

- 3 -

do.  Elmore, 22 Va. App. at 430, 470 S.E.2d at 590.  Thus, here, as in Elmore, the only reasonable hypothesis flowing from the remaining evidence, viewed in the light most favorable to the Commonwealth, was that appellant "actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner."  Yarborough, 247 Va. at 218, 441 S.E.2d at 344; see also Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990) (holding that panel decision of Court of Appeals is binding upon subsequent panels under rule of stare decisis).

For these reasons, we hold the evidence was sufficient to support appellant's conviction, and we affirm.

Affirmed.

Benton, J., dissenting.

> [T]o convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.

Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994) (emphasis added).  As in every criminal case, "the evidence must establish the accused's guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence." Id.  Thus, for the reasons fully stated in McBride v. Commonwealth, 24 Va. App. 603, 608-11, 484 S.E.2d 165, 168-70 (1997) (Benton, J., dissenting), I would reverse this conviction because, as in McBride, "[t]he evidence in this case failed to prove beyond a reasonable doubt the presence of a firearm." Id. at 611, 484 S.E.2d at 169.  "Conviction of a crime is not justified if the evidence creates only a suspicion or probability of guilt." Yarborough, 247 Va. at 218, 441 S.E.2d at 344.