COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


NICK COBBLE
                                               MEMORANDUM OPINION[*] BY
v.        Record No. 3257-02-3           JUDGE RUDOLPH BUMGARDNER, III
                                                DECEMBER 9, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Jesse W. Meadows III for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


The trial court convicted the defendant of felonious damage to property, Code

§ 18.2-137.[1]  He contends the evidence was insufficient because his conduct was neither

intentional nor committed with criminal negligence.  Finding the evidence sufficient, we affirm.

On appeal, we review the evidence and all reasonable inferences deduced from it in the

light most favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786 (2003).  The defendant and four friends obtained unlawful access to a

condominium at Vista Pointe in Pittsylvania County.  The unit was immaculate when they

arrived to begin a party that lasted all night.  The defendant took a fifth of Southern Comfort

from a cabinet and consumed it.  He became sick and threw up in at least four different areas.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "If any person unlawfully destroys, defaces, damages or removes without the intent to steal any property, real or personal, not his own," and the amount of damage is $1,000 or more, he shall be guilty of a Class 6 felony.  Code § 18.2-137.

When the group left the next morning, the heat and the oven were left on, food containers and beer cans littered the kitchen, and cigarette burns marked the carpet. The defendant had gotten sick on the bed linens, on the living room ottoman, and throughout the house. The cost to repair and clean was $12,000.

The defendant contends the evidence is insufficient to prove he intended to damage the property or acted with criminal negligence. He maintains that throwing up was an involuntary act, and while getting drunk nurtures negligent conduct, his actions were not intentional.

It is well settled that "a person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). Voluntary intoxication is not an excuse for a crime. Swisher v. Commonwealth, 256 Va. 471, 488, 506 S.E.2d 763, 772 (1998) (exception for murder). However, evidence that the defendant has been drinking, "is germane to the question of criminal negligence." Beck v. Commonwealth, 216 Va. 1, 5, 216 S.E.2d 8, 10 (1975) (involuntary manslaughter). See also Simon v. Commonwealth, 220 Va. 412, 419-20, 258 S.E.2d 567, 573 (1979) (evidence of drinking, which can impair a suspect's "capacity to perceive the dangers with the clarity, make the decisions with the prudence, and operate the vehicle with the skill and caution required by the law," is a circumstance to consider in determining recklessness in involuntary manslaughter trial). "[W]hether the required intent exists is generally a question for the trier of fact." Nobles, 218 Va. at 551, 238 S.E.2d at 810. The evidence supports the trial court's finding that the defendant's action was intentional.[2] The destruction the defendant wrought was a foreseeable consequence of his voluntary acts.

---

[2] The trial court found:

> [T]hese folks went in there and showed no regard for the property.
> I would dare say . . . they didn't know whose place it was and
> didn't care whose place it was. They began consuming food and

In addition, the evidence permits a finding that the defendant damaged the property while committing an unlawful act. "Criminal responsibility under [Code § 18.2-137] attaches when property is damaged or destroyed during the commission of an unlawful act, which includes the performance of a lawful act in a criminally negligent manner." Crowder v. Commonwealth, 16 Va. App. 382, 384, 429 S.E.2d 893, 894, aff'd en banc, 17 Va. App. 202, 436 S.E.2d 192 (1993). In this case, the defendant trespassed, drank underage, and stole the alcohol he drank. As in Crowder, the trial court could conclude the defendant acted with reckless disregard for the rights of others and with reckless indifference to the consequences of his acts. Such conduct constituted a violation of Code § 18.2-137. Id.

The evidence supported the trial court's finding. Accordingly, we affirm the conviction.

Affirmed.

---

liquor and alcohol, at least some of which was from the residence itself. Absolute disregard for the property of others, which if is not intentional, I don't know what else it could be. To commit $12,000 worth of damage to a place in one evening, while not breaking up furniture or things of that nature, certainly by their conduct, damaging rugs and beds and bedding, and having to have those replaced . . . rise[s] to the level of being an intentional act. I don't think that voluntary intoxication gets you out of that.