COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


TAVORIS MARQUISE COURTNEY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0026-09-2                  JUDGE ROBERT J. HUMPHREYS
                                                MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Timothy J. Hauler, Judge

            (Gregory R. Sheldon; Bain Sheldon, P.L.C., on brief), for appellant.
            Appellant submitting on brief.

            Leah A. Darron, Senior Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        Tavoris Marquise Courtney ("Courtney") was convicted in a bench trial of robbery and

use of a firearm in the commission of a robbery, in violation of Code §§ 18.2-58 and 18.2-53.1.

He was sentenced to twenty years for robbery, with fifteen years suspended, and five years for

use of a firearm.  On appeal, Courtney contends that the trial court erred in finding the evidence

sufficient to support his conviction for use of a firearm in the commission of a felony because the

evidence at trial demonstrated that he possessed a toy gun.  For the following reasons, we

disagree and affirm the trial court's conviction of use of a firearm in the commission of a felony.

                                        ANALYSIS

        In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial

court to be correct' and 'will not set it aside unless it is plainly wrong or without evidence to

support it.'"  Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992); Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). The reviewing court, under this standard, does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).

When reviewing the sufficiency of the evidence to support a conviction, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "[W]hen we consider the sufficiency of the evidence . . . we review the totality of the evidence to determine whether it was sufficient to prove an offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007) (citing Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004)).

Code § 18.2-53.1 provides "[i]t shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery." In order to be convicted under this statute, the Commonwealth must prove

> (1) that the accused "possessed" an object; (2) that this object was a "pistol, shotgun, rifle, or other firearm"; (3) that the accused "used or attempted to use the firearm or displayed the firearm in a threatening manner"; and (4) that this action involving the firearm occurred during the commission or attempt to commit one of the felonies enumerated in the statute.

Thomas v. Commonwealth, 25 Va. App. 681, 684-85, 492 S.E.2d 460, 462 (1997). While the code section does not define what a "firearm" is, it has been interpreted to include "any

instrument that is capable of expelling a projectile by the force of gunpowder" as well as "some objects that are not capable of firing projectiles by an explosion of gunpowder." Id. at 685, 492 S.E.2d at 462. "Firearm" also includes

> instruments that merely appear to have a firing capability because the General Assembly intended Code § 18.2-53.1 "to discourage criminal conduct that produces fear of physical harm" and the victim of a crime "can be intimidated as much by a revolver that does not fire bullets as by one that does."

Id. at 685-86, 492 S.E.2d at 462 (quoting Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980)).

> [W]hen determining whether a particular object is a "firearm," the fact finder may consider the victim's visual and nonvisual observations of the object, the victim's knowledge of firearms, the accused's representations about the object during the commission of the felony, expert testimony, and the appearance of the object itself when it is admitted into evidence.

Id. at 686-87, 492 S.E.2d at 463 (internal citations omitted).

Courtney relies on this Court's holding in Sprouse v. Commonwealth, 19 Va. App. 548, 551-52, 453 S.E.2d 303, 305-06 (1995), in which we held that the evidence was insufficient to sustain a conviction under Code § 18.2-53.1 where the object used in the commission of a robbery was not a firearm, even though it appeared to be a gun to the victim, because the Commonwealth conceded that it was a "toy pistol." However, this Court overruled Sprouse in Startin v. Commonwealth, ___Va. App.___, ___, ___ S.E.2d ___, ___ (Mar. 23, 2010) (*en banc*) ("Accordingly, in light of the twofold purpose behind Code § 18.2-53.1 to prevent actual physical injury or death and to discourage criminal conduct that produces fear of physical harm, we . . . overrule the decision in Sprouse . . . ."), this day decided, because the holding in Sprouse directly conflicted with the harm that Code § 18.2-53.1 was aimed at preventing. Thus, Sprouse is not controlling.

In turning to the statements and actions of Courtney to determine whether he actually possessed a firearm, the facts of this case are similar to those in Elmore v. Commonwealth, 22 Va. App. 424, 430, 470 S.E.2d 588, 590 (1996), in which this Court affirmed the defendant's conviction under Code § 18.2-53.1 because the "evidence [was] sufficient to prove beyond a reasonable doubt that the defendant actually possessed a firearm and used it in a threatening manner." In Elmore, the defendant approached the victim, a bank teller, and handed her a note that stated it was a robbery and that he had a gun. Id. at 426, 470 S.E.2d at 588-89. The victim then looked at the defendant, and the defendant said that he did not want to hurt anyone and pointed to his pocket, which made her believe he had a gun. Id. The Court noted that unlike Sprouse, the only evidence admitted in Elmore to refute his statement that he had a gun was his own denial, which the trial court rejected. Id. at 429-30, 470 S.E.2d at 590. This Court relied on the note in which defendant stated he had a "gun," his action of pointing to his pocket, and his statement that he did not want to hurt anyone to affirm his conviction. Id. at 430, 470 S.E.2d at 590.

The Commonwealth relies on Powell v. Commonwealth, 268 Va. 233, 237, 602 S.E.2d 199, 121 (2004), in which the Supreme Court affirmed the defendant's conviction under Code § 18.2-53.1 where he told the victims he had a gun, threatened to hurt them if they did not follow his instructions, was fidgety, and kept his hand in his pocket. The victims never saw a gun, nor was a gun recovered. Id. In affirming the conviction, the Supreme Court noted that the "evidence that no gun was found conflicts with Powell's statements and actions during the commission of the offenses. The trier of fact resolved this conflict against Powell, and in doing so, necessarily concluded that Powell had a gun." Id.

As noted by this Court, "[a]n out-of-court statement by the defendant that admits or acknowledges a fact or facts tending to prove guilt is admissible in evidence against the

defendant." <u>Elmore</u>, 22 Va. App. at 429, 470 S.E.2d at 590. In this case we have both a statement by Courtney that he had a gun, and Nelson's belief that he had one. Like the defendants in <u>Elmore</u> and <u>Powell</u>, Courtney told Nelson that he had a gun, to quit looking at him, and to get back in her car. Nelson testified that she never saw a gun but that he pointed his finger under his sweatshirt like he had a gun, and she believed that he had a gun based on his words and actions.

The evidence is sufficient to prove beyond a reasonable doubt that Courtney possessed a firearm during the commission of the robbery. Therefore, we hold that the trial court did not err in holding the evidence sufficient to support his conviction under Code § 18.2-53.1, and affirm.

<u>Affirmed.</u>