**Richmond**

WAYNE MARCUS DORN

v.

COMMONWEALTH OF VIRGINIA

No. 1256-85

Decided September 16, 1986

COUNSEL

Stuart L. Williams, Jr., for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.** — In a civil proceeding on September 23, 1985, the trial court declared Wayne Marcus Dorn an habitual offender pursuant to the provisions of Code § 46.1-387.1 *et seq.* On appeal, Dorn contends that the principles of *res judicata* and collateral estoppel bar his being adjudged an habitual offender. Specifically, he challenges the use of two of the convictions relied upon by the Commonwealth, contending that the Commonwealth formerly relied upon them in a prior proceeding in 1978 in which he was declared an habitual offender and their use in the former adjudication bars their use in a subsequent proceeding for the same purpose. Dorn further argues that his privilege to drive was restored in 1983 and since it was predicated on a finding that he no longer constituted a threat to the safety and welfare of himself and others pursuant to Code § 46.1-387.9:2, that final order and adju-

dication serve as a bar to his being declared an habitual offender based upon his pre-1983 driving record. The Commonwealth argues that the doctrine of *res judicata* and collateral estoppel do not apply. The Commonwealth further urges that, based upon the public policy underlying the Habitual Offender Act, we reject the limitations which Dorn would have us impose upon defining an habitual offender. The Commonwealth argues that the Act is intended to circumscribe conduct of offenders, like Dorn, who demonstrate an indifference to public safety and disrespect for the laws by repeatedly committing numerous or serious traffic offenses. We agree with the Commonwealth and affirm the judgment declaring Dorn an habitual offender.

On May 12, 1978, Dorn was adjudged an habitual offender pursuant to Code §§ 46.1-387.2(a)(2) and (4) based on the abstract of his driving record from the Division of Motor Vehicles which showed convictions for driving under revocation or suspension in Henrico County on April 15, 1977; driving under revocation or suspension in Henrico County on April 27, 1977; and a 1975 conviction from California for DWI. Dorn was directed not to operate a motor vehicle on the highways of the Commonwealth and to surrender all operator's licenses or permits. On September 14, 1983, pursuant to Code § 46.1-387.9:2, Dorn's license and privilege to drive were restored by circuit court order, conditioned upon his satisfactory completion of a DMV driver improvement program.

On March 5, 1985, Dorn was convicted of driving while intoxicated in the City of Richmond. Following that conviction, the Commonwealth filed in the circuit court an information based upon a DMV abstract showing the March 1985 DWI conviction and the two 1977 convictions of driving under revocation or suspension. The trial court issued a show cause order directing Dorn to appear and defend the allegation that he was an habitual offender. The court declared Dorn an habitual offender and this appeal followed.

Dorn asserts that the 1983 final order restoring his privilege to drive and finding that he no longer constitutes a threat to public safety or himself is *res judicata* to finding him an habitual offender in 1985. He reasons that the 1983 adjudication is a final order which bars the Commonwealth in the present proceeding from going behind that order to declare him an habitual offender.

Similarly, he argues that even if the 1983 final order adjudicating him not to constitute a threat should be held not an absolute bar to the present proceeding, nevertheless, the related doctrine of collateral estoppel precludes consideration of the two 1977 convictions in this proceeding. His argument is twofold on the collateral estoppel question. First, he asserts that the 1983 proceeding necessarily considered the two 1977 convictions when it found that he was not a threat to public safety, and in the present proceeding the trial court was precluded from relying upon these convictions to reach a contrary holding. Second, Dorn argues that once he was declared not to constitute a threat to himself or society the Commonwealth is precluded from overcoming this factual finding by proving only one subsequent conviction. In essence, Dorn contends that once a person found to be an habitual offender has had his privilege restored and found no longer to be a threat to himself or others, he has been fully penalized within the intendment of the Habitual Offender Act and none of the same offenses previously relied upon can be used as the basis for a second separate proceeding.

Res judicata encompasses four preclusive effects, each conceptually distinct, which a final personal judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 n.6 (1955) (citing Restatement of Judgments § 45 (1942)). Of these four, bar and collateral estoppel are those most frequently raised in litigation, and those at issue here.

*Res judicata-bar*, is the particular preclusive effect commonly meant by use of the term "res judicata". A valid, personal judgment on the merits in favor of defendant bars relitigation of the *same cause of action*, or any part thereof which could have been litigated, between the same parties and their privies. *See* Restatement of Judgments §§ 47, 62, 83 (1942).

*Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action*. In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final

personal judgment in the first action. *See* Restatement of Judgments §§ 68, 82 (1942).

*Bates v. Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) (footnotes omitted).

We reject Dorn's contention that the *res judicata bar* applies. Whatever appeal Dorn's argument may have, it does not withstand scrutiny when the principles are applied which govern a former adjudication barring subsequent litigation involving the same subject matter. There was no identity or mutuality of parties, causes of action, or issues between Dorn's 1983 petition and the 1985 show cause order. Dorn's petition was an *ex parte* proceeding to restore his privilege which the Commonwealth had revoked; the 1985 show cause hearing was an adversarial proceeding between Dorn and the Commonwealth to determine whether he came within the statutory definition of an habitual offender. The issues raised by the two proceedings were clearly different—the elements which the earlier petition had placed in issue were whether five years had elapsed since the petitioner had been declared an habitual offender, whether one of the underlying offenses had been for driving while intoxicated, and, if so, whether at the time of that conviction the petitioner had been dependent on drugs or alcohol, but was no longer dependent, and whether he no longer constituted a threat to himself or others. The issue in the 1985 show cause proceeding was simply whether the respondent's record as maintained by the Division of Motor Vehicles showed that he had accumulated the requisite type and number of convictions committed within a ten year period to have him declared an habitual offender.

Dorn's petition to restore his driving privilege did not require any inquiry, as did the show cause hearing, into whether Dorn's driving record showed the requisite number of convictions. The final order restoring Dorn's driving privilege in 1983 did not, in light of his subsequent convictions of DUI and driving while revoked or suspended, within a ten year period, constitute a prior adjudication which barred his being again declared an habitual offender. Thus, the trial court's finding in 1983 that he was not considered a threat to himself or society at that time did not foreclose further inquiry by a court in 1985 to determine whether Dorn at that later time was an habitual offender.

We think it equally apparent that Dorn's collateral estoppel argument is unsound. The doctrine of collateral estoppel does not prevent a party from relying upon or using the same evidence in a subsequent proceeding to prove a fact other than that for which it was offered in a prior proceeding. *Simon v. Commonwealth*, 220 Va. 412, 419, 258 S.E.2d 567, 572 (1979). It defies logic to argue that the Commonwealth cannot prove that Dorn was also an habitual offender in 1985 because part of his record could not be considered in determining his status at that time. Appellant's position fails to consider the cumulative and successive effect of the Habitual Offender Act, and is contrary to the scheme and purpose of the Act. Dorn would have us decide that one who has previously been declared an habitual offender and a threat to public safety should be placed in a position of being at less risk in being removed from the highways—although he may have a lengthy serious driving record—than one who has had fewer convictions. The public policy considerations of the Act seeking to protect those who responsibly use our highways would be frustrated by such an interpretation. Code § 46.1-387.1. Neither collateral estoppel nor applying the proscriptions of the Act support such a result.

In summary, the 1983 restoration of privilege did not have the effect of estopping the Commonwealth from using the 1977 convictions to determine whether Dorn was within the statutory definition of an habitual offender. In the 1983 proceedings, the court merely determined, as authorized by statute, that based upon the evidence presented Dorn did not appear to be a threat to himself or to public safety and was entitled to restoration of his driving privileges subject to the conditions imposed. Collateral estoppel only precludes relitigation of an issue or fact which was necessarily determined in a prior action. *Alderman v. Chrysler Corp.*, 480 F. Supp. 600, 604 (E.D. Va. 1979).

We affirm the trial court's order declaring appellant an habitual offender and directing that he not operate a motor vehicle upon the public highways of this Commonwealth.

*Affirmed.*

Koontz, C.J., and Hodges, J., concurred.