## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Billy Charles Turner

January 6, 1988

Case No. 87M748

By JUDGE JAMES E. KULP

In this case, the Commonwealth has proceeded by Information to declare Mr. Turner to be an habitual offender pursuant to § 46.1-387.2 of the Code of Virginia. The Division of Motor Vehicles certified abstracts of convictions from the Circuit Court of New Kent County of August 1, 1984, for leaving the scene of an accident involving personal injury; Circuit Court of New Kent County of August 1, 1984, driving under the influence; General District Court of Caroline County of September 5, 1984, for driving while intoxicated; and General District Court of the City of Richmond of May 24, 1987, for drunk driving.

The abstracts from the Circuit Court of New Kent County of August 1, 1984, show that the charge of leaving the scene of an accident involving personal injury occurred on February 5, 1984, at 12:10 a.m., and the charge of driving under the influence also occurred on February 5, 1984, at 12:30 a.m.

In a prior action on December 23, 1985, the Commonwealth filed an Information to declare Mr. Turner an habitual offender utilizing the certified abstracts of the three 1984 convictions. When Mr. Turner appeared before this Court, the Court ruled that the two convictions from the Circuit Court of New Kent County of August 1,

1984, should be treated as one offense pursuant to Section 46.1-387.2, since they were committed within a six-hour period. Accordingly, this court dismissed the proceeding as there were insufficient convictions before the court to declare Mr. Turner an habitual offender.

The thrust of Mr. Turner's present argument is that the abstract of the conviction in the Circuit Court of New Kent County of August 1, 1984, for leaving the scene of an accident involving personal injury, is not in sufficient compliance with § 46.1-387.3 to prove that conviction. Therefore, since both convictions in the Circuit Court of New Kent County of August 1, 1984, are treated as one under § 46.1-387.2, the Commonwealth has failed to prove the whole offense of August 1, 1984, which again leaves insufficient convictions to declare Mr. Turner an habitual offender.

For several reasons, the Court finds Mr. Turner's argument to be without merit. First, the Court does not agree that the abstract of the conviction of the Circuit Court of New Kent County of August 1, 1984, for leaving the scene of an accident involving personal injury, is insufficient to prove that conviction. Mr. Turner argues that since this is a felony, the abstract should be an order from the Circuit Court rather than being on a traffic summons. Section 46.1-414 provides that abstracts shall be made on forms prepared by or approved by the Department of Motor Vehicles and the Department of State Police. The abstract of the conviction of the Circuit Court of New Kent County of August 1, 1984, for leaving the scene of an accident involving personal injury contains all of the information required by § 46.1-414. Accordingly, the Court finds the abstract sufficient.

Secondly, the Court believes that Mr. Turner has a misperception of the legislative intent of § 46.1-387.2 treating multiple offenses committed within a six-hour period as one offense. In this Court's opinion, the legislature intended to lessen the impact of the Habitual Offender Law on first time offenders who might well commit several offenses listed in § 46.1-387.2 within six hours. For example, a person who is stopped for driving under the influence might also be found to have been operating the motor vehicle while his license to drive had been suspended or revoked. In such a case, the person would be two-thirds

of the way toward being an habitual offender. By this act of grace, the legislature never intended that multiple offense committed within six hours be forever and for all purposes inexorably intertwined into a single offense. Therefore, the Commonwealth may choose to use either conviction of August 1, 1984, in combination with two other requisite convictions to establish that Mr. Turner is an habitual offender. To do otherwise would be to place a person like Mr. Turner in a better position than one who had committed only a single offense.

Since Mr. Turner concedes that the abstracts of convictions of the Circuit Court of New Kent County of August 1, 1984, for driving under the influence; General District Court of Caroline County of September 5, 1984, for driving while intoxicated; and General District Court of the City of Richmond of May 24, 1987, for drunk driving are correct, his argument that there are insufficient convictions to declare him an habitual offender must fail. Mr. Turner's argument must also fail since the Court finds that the abstract of conviction from the circuit Court of New Kent County of August 1, 1984, for leaving the scene of an accident involving personal injury is a competent abstract.

For the reasons previously expressed, the Court rejects Mr. Turner's assertion that the doctrine of collateral estoppel precludes the separation of the two February 5, 1984, offenses. The prior ruling of this Court in December, 1985, did no more than recognize the legislative intent that these two offenses could not be combined with the other 1984 offense to support an habitual offender declaration. *See Dorn v. Commonwealth,* 3 Va. App. 110 (1986).

This opinion serves as the basis for the Court's ruling on December 8, 1987, finding Mr. Turner an habitual offender.