## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Allen F. Miller

July 9, 1993

Case No. (Law) 14389

BY JUDGE THOMAS D. HORNE

This cause came to be heard July 2, 1993, pursuant to a Show Cause Order directing the defendant, Mr. Miller, to appear and demonstrate why he should not be declared an habitual offender and prohibited from operating a motor vehicle under the provisions of Chapter 3, Article 9, of Title 46.2 (Subsection 46.2–352 et seq.) of the Code of Virginia (1950), as amended.

Mr. Miller appeared and argued that the present proceeding against him should be dismissed because the Commonwealth is prohibited from using any convictions prior to November 21, 1989, to declare Mr. Miller an habitual offender. On November 21, 1989, this Court dismissed a prior proceeding to have Mr. Miller declared an habitual offender because the Commonwealth failed to appear at the scheduled trial. This dismissal constituted a general dismissal on the merits. The essence of Mr. Miller's argument is that the Commonwealth is barred by res judicata from basing the present proceeding on convictions relied upon in the prior proceeding.

Virginia Code Section 46.2–351 defines an habitual offender as any person whose driving record reflects that within a ten year period he or she was convicted three or more times for many enumerated offenses, including:

b. Driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.2–266 or Subsection A of § 46.2–341.24; [or]

c. Driving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked in violation of §§ 18.2–272, 46.2–301, 46.2–302, or former § 46.1–350 or § 46.1–351 . . . .

The purpose of the Habitual Offender Act is to protect the general public from persons who have demonstrated their indifference to obeying the traffic laws of the Commonwealth. 1982–1983 Report of the Attorney General 353, 354. The Attorney General previously issued an opinion that restoration of driving privileges after having been declared an habitual offender does not purge an individual's driving record. Thus, the Commonwealth can rely upon convictions upon which a prior habitual offender adjudication is based when prosecuting a subsequent habitual offender proceeding. *Id.*

The Virginia Court of Appeals, in a decision consistent with the Attorney General opinion, ruled against a defendant raising a similar argument. In *Dorn v. Commonwealth*, 3 Va. App. 110 (1986), the defendant argued that once a person found to be an habitual offender had his driving privileges restored, he was fully penalized under the Habitual Offender Act and none of the prior offenses relied upon in the original habitual offender adjudication could be relied upon in a subsequent proceeding. The Court stated:

Dorn's petition to restore his driving privilege did not require any inquiry, as did the show cause hearing, into whether Dorn's driving record showed the requisite number of convictions. The final order restoring Dorn's driving privilege in 1983 did not, in light of his subsequent convictions of DUI and driving while revoked or suspended, within a ten year period, constitute a prior adjudication which barred his being again declared an habitual offender. Thus, the trial court's finding in 1983 that he was not considered a threat to himself or society at that time did not foreclose further inquiry by a Court in 1985 to determine whether Dorn at that later time was an habitual offender. *Id.* at 114.

The Habitual Offender Act provides for when and how an individual can be declared an habitual offender. The Act also provides for resto-

ration of driving privileges in certain circumstances. However, the General Assembly failed to include a provision that prior convictions will be purged once a decision on the merits is reached in an habitual offender proceeding. Thus, an individual's driving record for the past ten years remains applicable in determining whether that driver should be classified as an habitual offender, even if some of the prior convictions were relied upon in a previous proceeding resulting in a decision on the merits.

Accordingly, it appears based on Mr. Miller's driving record (i.e. conviction 1/26/93 for driving while intoxicated; conviction 11/3/86 for driving under revocation/suspension; conviction 5/7/85 for driving under revocation/suspension; and conviction 5/7/85 for driving while intoxicated) that Mr. Miller should be adjudged an habitual offender.