520

CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Joseph Dean Hopkinson

July 19, 2004

Case No. (Criminal) 16166

BY JUDGE JAMES H. CHAMBLIN

On May 24, 2004, counsel argued the Defendant's Motion to Dismiss, based on grounds of double jeopardy, *res judicata*, collateral estoppel, and *autrefois acquit*, filed on April 13, 2004. The motion was taken under advisement. Counsel were granted leave to file post-argument memoranda.

After consideration of the argument of counsel on May 24, 2004, the Defendant's Memorandum in Support of Motion to Dismiss filed May 24, 2004, the Commonwealth's Memorandum in Opposition of Motion to Dismiss filed June 4, 2004, and the Defendant's Reply to Memorandum in Opposition of Motion to Dismiss filed June 18, 2004, the Motion to Dismiss is denied.

*Facts*

On February 12, 2004, a misdemeanor warrant was issued charging the Defendant with a violation of Va. Code § 18.2-371. The warrant alleges that the Defendant "on or about 02/12/2004" did "while being eighteen years of age or older, willfully contribute to, encourage, or cause any act or omission, or condition which rendered "J.G.," a child under the age of eighteen delinquent, in need of services, in need of supervision, abused or neglected as defined in § 16.1-228."

Trial was set on the aforesaid charge for March 17, 2004, in the Loudoun County Juvenile and Domestic Relations District Court (JDR Court).

On February 24, 2004, a felony warrant was issued against the Defendant charging a violation of Va. Code § 18.2-63. The warrant charges that the Defendant "on or about 11/01/2003 to 02/12/04 did unlawfully and feloniously . . . carnally know, without the use of force, "J.G.," a child of the age of fourteen years."

A preliminary hearing on the aforesaid felony charge was set for the same time and date as the misdemeanor trial, March 17, 2004, in JDR Court.

The parties agreed that I could consider the transcript of the proceedings in JDR Court on March 17, 2004, for purposes of the Motion to Dismiss. The trial on the misdemeanor proceeded simultaneously with the preliminary hearing on the felony. At the conclusion of the evidence presented by the Commonwealth, the JDR Court without explanation granted the Defendant's Motion to Strike as to the misdemeanor charge and bound over the felony charge to the grand jury.

On April 12, 2004, the Defendant was indicted by the grand jury. The indictment states:

> During the period from on or about the 1st day of November 2003, to on or about the 12th day of February 2004, in the County of Loudoun, JOSEPH DEAN HOPKINSON (DOB 06-20-84) did feloniously and unlawfully carnally know, without the use of force, a child thirteen years of age or older but under fifteen years of age, to wit: J.G., in violation of Section 18.2-63 of the Code of Virginia.
>
> This indictment contains the sole charge against the Defendant in this case -- the felony of carnal knowledge. :

### Legal Conclusions

Although the Defendant states four grounds in his Motion to Dismiss, double jeopardy, *res judicata*, collateral estoppel, and *autrefois acquit*, the basis for his motion is his assertion that the decision of the JDR Court dismissing the misdemeanor contributing charge is a finding that he did not have sexual intercourse with the fourteen year old victim. I do not agree with the Defendant's basic assertion.

The prohibition against double jeopardy ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb"), U.S.

Const., amend. V.; Va. Const., article I, § 8, is a fundamental tenet of the constitutional judicial system of both the United States and the Commonwealth of Virginia. The words and the concept appear simple, but their application based on many court decisions over the years is not quite so simple.

Virginia has a statutory form of the prohibition against double jeopardy in Va. Code § 19.2-294, which provides in pertinent part as follows:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

The Commonwealth argues in its memorandum that Va. Code § 19.2-294, as interpreted by the Court of Appeals in· *Phillips v. Commonwealth*, 27 Va. App. 674 (1998), and the Supreme Court in *Phillips v. Commonwealth*, 257 Va. 548 (1999), allows the Commonwealth to pursue both the misdemeanor and the felony as a "single proceeding" without any double jeopardy implications. I think that the Commonwealth has missed an essential point. Va. Code § 19.2-294 applies to *convictions*. The Defendant was not convicted of contributing. He was acquitted. The JDR Court dismissed the charge. I construe the dismissal to be the same as an acquittal. The Defendant in his reply memorandum correctly points out that Va. Code § 19.2-294 only involves convictions. I agree with the Defendant that Va. Code § 19.2-294 is not applicable. But that does not end the inquiry.

In determining whether an offense is the "same offense" for purposes of the double jeopardy prohibition, the standard is one announced in *Blockburger v. United States*, 52 S. Ct. 180 (1932). This so-called *Blockburger* test provides that, if one transaction violates two or more criminal statutes, then the double jeopardy clause prohibits multiple convictions or multiple punishments unless each offense requires proof of a fact which the others do not.

Applying the *Blockburger* test to the offenses of contributing and carnal knowledge, it is clear that the proof of one requires proof of a fact, which the other does not. The proof required for carnal knowledge does not require proof that the victim has been rendered delinquent, in need of services, in need of supervision, abused, or neglected. However, proof that the victim has been so rendered is required for a conviction of contributing. Also, under Va. Code § 18.2-371, there must be proof that the accused "willfully" contributed. Proof

of willfulness is not required under Va. Code § 18.2-63, the carnal knowledge statute.

Because the two offenses, contributing and carnal knowledge, do not meet the *Blockburger* test, the prohibition against double jeopardy does not apply.

The Defendant also argues that principles of collateral estoppel and *res judicata* prevent him from being prosecuted for carnal knowledge. The doctrine of collateral estoppel does not bar a second prosecution, but it does prevent the Commonwealth from relitigating facts decided in the Defendant's favor at the previous trial. *See e.g. Rhodes v. Commonwealth*, 223 Va. 743 (1982); *Johnson v. Commonwealth*, 221 Va. 736 (1981); *Simon v. Commonwealth*, 220 Va. 412 (1979); *Sevachko v. Commonwealth*, 35 Va. App. 346 (2001); *Dorn v. Commonwealth*, 3 Va. App. 110 (1986).

Although the Defendant does refer to *res judicata* in his motion, he does not pursue it in his memoranda. I do not think that *res judicata* is applicable anyway because it is clear from the transcript of the proceeding in JDR Court that the dismissal of the contributing charge was based on the merits (i.e., factual issues) and not on any legal argument. Collateral estoppel applies only to fact determinations in the prior proceedings while *res judicata* applies to either factual or legal determinations in the prior proceedings. *Highsmith v. Commonwealth*, 25 Va. App. 434, 446 (1997); see also, *Neff v. Commonwealth*, 39 Va. App. 13 (2002).

As stated in the Defendant's memorandum, there are four elements required for the application of the doctrine of collateral estoppel:

1. That the parties to the two proceedings must be the same;

2. That the factual issue sought to be litigated must have actually been litigated in the prior proceeding;

3. That the factual issue must have been essential to the judgment rendered in the prior proceeding; and

4. That the prior proceeding must have resulted in a valid final judgment against the party to whom the doctrine is sought to be applied.

*Whitley v. Commonwealth*, 260 Va. 482, 489 (2000).

I agree with the Defendant that the first and fourth elements have been met. However, I do not agree that the second and third elements have been satisfied.

It is clear from the transcript that the evidence upon which the Commonwealth relied for the contributing charge was the testimony of the victim, age fourteen, that the Defendant and she had consensual sexual intercourse at least every day starting November 2003 and ending when the charges were brought against the Defendant. However, the transcript does not reveal the JDR Court's reasoning in dismissing the charge.

Page 20 of the transcript reveals the following colloquy between the JDR Court and counsel after the Commonwealth rested.

THE COURT: Commonwealth rests. Mr. Vaughn?

MR. VAUGHN: Nothing from the defense. Actually, I guess, before I say that, I would have a motion to strike as to the misdemeanor charge.

MS. LAWLESS: That is fine, Your Honor.

THE COURT: The misdemeanor charge will be dismissed.

MR. VAUGHN: I assume any dismissal is with prejudice?

THE COURT: It is dismissed with prejudice. Not nol—

MR. VAUGHN: Thank you.

In making the motion to strike the misdemeanor charge, defense counsel did not state a ground for the motion. The JDR Court did not state that the motion was granted. It merely dismissed the contributing charge with prejudice. It is very significant that no reason is stated for the dismissal. As a result, I must speculate as to the reason. If I need to speculate, then I cannot find that the JDR Court found as a fact that the Defendant did not have sexual intercourse with the victim, age fourteen, without the use of force, from on or about November 1, 2003, to on or about February 12, 2004, as charged in the indictment in this case. Based on the transcript, it is reasonable to conclude that the JDR Court dismissed the contributing charge because the Commonwealth agreed to it.

I cannot help but note that right after Defendant's counsel moved to strike the contributing charge, Ms. Lawless said "that is fine, Your Honor." This could easily be construed as the Commonwealth's agreement to a dismissal. It could be that the JDR Court dismissed the contributing charge because it had not been proven beyond a reasonable doubt that the victim had been rendered delinquent, in need of services, in need of supervision, abused, or neglected. Or it could have been that the JDR Court concluded that the Defendant had not willfully committed the offense of contributing.

In any event, I have difficulty in finding that the JDR Court found as a fact that the Defendant did not engage in sexual intercourse with the victim, age fourteen, between on or about November 1, 2003, to on or about February 12, 2004, in light of the uncontradicted testimony of the victim. Further, I cannot help but notice that the contributing charge was alleged as of on or about February 12, 2004. Perhaps the JDR Court merely found that there was reasonable doubt that the Defendant had sexual intercourse with the victim on or about February 12, 2004.

I realize that the JDR Court was not required to state the findings or reason for the dismissal. However, the Defendant should not receive any benefit for failure of his counsel to make a clear record of the reason(s) for the dismissal, especially when he should have been aware of a possible double jeopardy or collateral estoppel claim if the Defendant were bound over (as he was) on the felony of carnal knowledge.

The principle of *autrefois acquit* is not applicable. It only applies when the accused can show that he has already been tried and acquitted on the same offense for which he is currently charged. The Defendant has never been tried and acquitted of carnal knowledge.

The Motion to Dismiss is denied.