COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


MARSHA WINDELL

MEMORANDUM OPINION[*] BY
v.        Record No. 1623-08-1                    JUDGE JERE M.H. WILLIS, JR.
                                                          MAY 5, 2009
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Jeffrey D. Tarkington (Hofheimer/Ferrebee, P.C., on brief), for
appellant.

Cheryl A. Wilkerson, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General; David E. Johnson, Deputy Attorney
General; Kim F. Piner, Senior Assistant Attorney General, on brief),
for appellee.


Pursuant to Code § 2.2-4025 *et seq.*, Marsha Windell appealed to the trial court an

administrative finding by the Virginia Department of Social Services (VDSS) that she was guilty of

six Level 3 instances of child abuse and eight Level 1 such instances.  Upon its review of the record,

the trial court affirmed as founded the six Level 3 findings and dismissed as unfounded the eight

Level 1 findings.  On appeal from that ruling, Windell contends the trial court erred:  (1) by holding

that substantial evidence supported the six dispositions, (2) in holding that the accusations against

her were not barred by *res judicata* or collateral estoppel, (3) in holding that the child protective

services (CPS) proceedings against her did not violate her due process rights; and (4) in failing to

give proper weight to the hearing officer's findings in her previous licensing review case.  We

affirm the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The Chesapeake Department of Human Services (CDHS), an agency of the City of Chesapeake, is charged with receiving and investigating reports of child abuse and neglect and reporting its findings (CPS dispositions). VDSS, a state agency, is charged with general oversight of the state's child protective programs. Pursuant to Code § 63.2-1526, VDSS provides, through hearing officers, a second step appeal of founded CPS dispositions. From decisions at this level, appeals may be taken to the circuit courts pursuant to the Administrative Process Act (Code § 2.2-4000 *et seq.*). Unrelated to its CPS function, VDSS includes a Division of Licensing charged with enforcing licensure programs and requirements for facilities licensed under Chapters 17 and 18 of Title 2.2 of the Code.

Windell operated a child day care center licensed by VDSS under the provisions of Chapter 17 of Title 63.2 of the State Code (Code § 63.2-1700 *et seq.*) On April 24, 2000, CDHS received a complaint regarding Windell and her discipline and treatment of several children in her care. CPS investigated. CPS filed in the Chesapeake Juvenile and Domestic Relations District Court a petition against Windell accusing her of child abuse and neglect. The court dismissed the petition on jurisdictional grounds.

On July 17, 2000, the licensing division of VDSS (the licensing division) sent Windell a notice of revocation of her day care center license. Administrative Officer Alfred Bernard, III, of the licensing division, conducted an evidentiary hearing on March 19-20, 2001. In his report dated June 13, 2001, he concluded that "generally the incidents on which the Department of Social Services relied in revoking Windell's licence [sic] most likely did not occur and were not sufficiently established by the evidence presented . . . ." He recommended that Windell's license be reinstated. On intra-agency appeal, Commissioner Sonia Rivero upheld Mr. Bernard's findings and ruled that no action be taken against Windell's license.

On September 24, 2000, CPS determined that the abuse and neglect complaints against Windell were founded. It met with Windell and her counsel for an informal conference. On May 3, 2002, CPS made a formal finding of thirty-one Level 1 findings of physical abuse and physical neglect, including bizarre discipline and inadequate supervision.[1] Windell appealed. On August 30, 2005, Nicholas R. Foster, a VDSS Child Protective Services Hearing Officer, conducted an administrative hearing. On September 26, 2005, Mr. Foster reduced six of the founded physical abuse/bizarre discipline charges from Level 1 to Level 3 and sustained eight of the Level 1 founded charges of physical neglect.[2] He dismissed the remaining seventeen Level 1 charges.

Windell appealed the eight Level 1 and six Level 3 findings to the trial court. She argued that Mr. Foster's September 26, 2005 ruling was barred by *res judicata* and collateral estoppel and was a violation of her due process rights. The trial court disagreed. It affirmed the six Level 3 founded charges of physical abuse/bizarre discipline[3] and dismissed the eight Level 1 findings.

ANALYSIS

Sufficiency of the Evidence

Windell argues that the trial court erred in holding that the six Level 3 findings were supported by substantial evidence.

In her brief, Windell states, "[t]he facts are . . . the true issue in dispute." However, she does not set forth the facts. She recites accusations and refers to evidence being given before both

---

[1] A Level 1 finding "includes those injuries/conditions, real or threatened, that result in or were likely to have resulted in serious harm to a child." 22 VAC 40-700-20(1).

[2] A Level 3 finding "includes those injuries/conditions, real or threatened, that result in minimal harm to a child." 22 VAC 40-700-20(3).

[3] The parties agreed to amend the eight Level 1 founded charges of physical neglect to unfounded.

hearing officers, but does not set forth the substance of that evidence. An appellant must provide us a complete record supporting his position. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). We will not comb the record to glean the facts.

VDSS asserts, and Windell does not deny, that the substance of the evidence before the trial court supports its holding. The record presented to us does not contradict this assertion.

Windell further argues that no direct testimony was introduced before Mr. Foster at the CPS hearing, that he relied on the CPS worker's report and investigation, which, she argues, was hearsay. She has provided no record permitting us to assess this assertion. Furthermore, hearsay evidence is admissible in an administrative hearing. Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 701 (1998).

"'The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'" Id. (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)); see also Turner v. Jackson, 14 Va. App. 423, 429-30, 417 S.E.2d 881, 887 (1992).

The CPS worker's report recited several incidents of bizarre discipline, including forced feedings and "timeouts" in a bathroom with the lights off and the door closed. Mr. Foster concluded, upheld by the trial court, that these incidents could have resulted in minimal physical harm to the children involved. The record supports these findings.

Thus, we find no error in the trial court's holding that sufficient evidence supported CPS's findings.

### *Res Judicata* and Collateral Estoppel

Windell argues that the CPS proceeding before Mr. Foster was barred by *res judicata* and collateral estoppel because Mr. Bernard of the licensing division had previously conducted a hearing on the same complaint and facts and had ruled that the charges against her were unfounded.

The defenses of *res judicata* and collateral estoppel are customarily imposed in the context of judicial decisions. We need not and do not address whether they have application to administrative decisions. In any event, those defenses have no application in this case.

"A person seeking to assert *res judicata* as a defense must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties [or their privies]; and (4) identity of the quality of the persons for or against whom the claim is made." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 618, 376 S.E.2d 787, 789 (1989) (citing Wright v. Castles, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986)).

> "*Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action*. In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action."

Dorn v. Commonwealth, 3 Va. App. 110, 113-14, 348 S.E.2d 412, 414 (1986) (quoting Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) (footnotes omitted)).

The defenses of *res judicata* and collateral estoppel require that the prior proceeding, claimed to have preclusive effect, and the proceeding on trial involve the same parties or their privies. The parties in the licensing proceeding and in the CPS proceeding were different. Windell was involved in each. However, the licensing division was involved in the licensing proceeding, but not in the CPS proceeding. In the CPS proceeding, the local social services agency, CDHS, was the party involved. VDSS was not a party to either proceeding. It had not lodged, investigated or sought to resolve any of the complaints. It acted merely as a reviewing agency. While these entities were agencies of the state or derivative local government, they existed under separate statutory foundation and acted independently in pursuit of discrete governmental objectives. They possessed no community or privity of interest.

For *res judicata* or collateral estoppel to apply, the same issue must be on trial in both proceedings. The licensing proceeding involved whether Windell would maintain her day care facility license. The CPS proceeding concerned her personal conduct and whether she should suffer personal sanctions for child abuse or neglect. These were distinct issues, involving separate statutes and standards of decision, and based on distinct areas of governmental concern.

The circuit trial did not err in ruling that the CPS proceeding was not barred by *res judicata* or collateral estoppel.

Due Process

Windell contends that the CPS proceeding violated her due process rights under the Fourteenth Amendment of the United States Constitution. She argues that she was denied the right to confront the witnesses against her because much of the evidence presented to Mr. Foster at the CPS hearing was hearsay.

> The Fourteenth Amendment . . . provides that no person shall be deprived of life, liberty or property without due process of law. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Due process analysis involves a two-part inquiry. First, there must be a deprivation of a liberty or property interest. Then, "'once it is determined that due process applies, the question remains what process is due.'"

Carter, 28 Va. App. at 145, 502 S.E.2d at 703 (quoting Jackson v. W., 14 Va. App. 391, 405-06, 419 S.E.2d 385, 393-94 (1992) (citations and footnote omitted)); see also Turner v. Jackson, 14 Va. App. 423, 436, 417 S.E.2d 881, 890 (1992).

Windell was deprived of no liberty or property interest by the holding that the six CPS complaints were founded. She argues that she will thereby lose her day care facility license. However, CPS cannot revoke her license. It can only place her name in the Central Registry. If she loses her license as a "collateral consequence," "it would not affect the legitimacy of the DSS investigative function." Id. at 147, 502 S.E.2d at 703 (citation omitted).

- 6 -

Windell argues that her reputation in the community has been affected. "[A] person's reputation alone is not a liberty or property interest and thus is not entitled to due process protection." Jackson, 14 Va. App. at 411, 419 S.E.2d at 396 (citation omitted); see also J.P. v. Carter, 24 Va. App. 707, 718-19, 485 S.E.2d 162, 168 (1997).

"Because [Windell] has not identified any actual loss, and merely speculates that these adverse consequences could possibly result at some later date, she has failed to claim a deprivation under the Fourteenth Amendment." Turner, 14 Va. App. at 438, 417 S.E.2d at 891.

### Weight of Opinion from the Licensing Hearing

Windell argues that the trial court did not give proper weight to Mr. Bernard's conclusions and recommendation. She argues that in the licensing hearing, Mr. Bernard had the opportunity to see and hear the witnesses and to determine their credibility. The record from the licensing hearing was submitted in the CPS hearing. Furthermore, Mr. Bernard's duties differed from Mr. Foster's. Mr. Bernard reviewed the situation according to Code § 63.1-212[4] to consider whether Windell should retain her license to operate her day care facility. His opinion was reviewed according to Code § 9-6.14:1 *et seq.* of the Virginia Administrative Process Act.[5] Mr. Foster reviewed the situation according to Code § 63.2-1500 *et seq.* to consider whether Windell's actions constituted child abuse and/or neglect. The two hearing officers acted under different statutes, applied different standards of review, and addressed different areas of governmental concern and purpose. The trial court acted properly in receiving and weighing their conclusions in that context.

---

[4] The statute is now Code § 63.2-1709.1.

[5] The Virginia Administrative Process Act is now Code § 2.2-4000 *et seq.*

## CONCLUSION

The judgment of the trial court is affirmed.

<u>Affirmed.</u>