## CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Laura P. Long

June 18, 2014

Case Nos. CR14-112, CR14-113, CR14-114

By Judge James R. Swanson

This case presents upon a Motion to Suppress filed by the Defendant. By her motion, the Defendant contends that her arrest on October 13, 2013, for driving under the influence and related charges was not supported by probable cause and that, after her arrest, police violated her due process rights by failing to comply with Va. Code § 19.2-82. As a result, the Defendant avers that all evidence emanating from her illegal arrest should be suppressed and the charges against her should be dismissed.

Evidence was heard on April 9, 2014. At the conclusion of the proceedings, the Defendant's motion was taken under advisement to permit counsel additional time to submit written arguments and authorities. The Court has now received and reviewed the Memorandum in Support of Motion To Suppress filed by Defendant on May 2, 2014, the Commonwealth's Opposition to Defendant's Motion To Suppress filed May 13, 2014, and the Reply Memorandum in Support of Motion To Suppress filed by Defendant on May 23, 2014. Attached to the Memorandum filed by the Commonwealth was Exhibit 1, a copy of the Defendant's Patient Care Report prepared by Roanoke County Fire & Rescue. Although the Exhibit was not introduced at the suppression hearing, the Defendant has not objected and appears to have relied to some extent on the service times reflected in the Report. Accordingly, the Exhibit will be considered evidence for purposes hereof, and will be made a part of the record in this case.

*Facts*

At 6:44 p.m. on October 13, 2013, Roanoke County Police Officer Laura Sparks was dispatched to a motor vehicle accident in Roanoke County, Virginia. Upon her arrival at 6:54 p.m., Officer Sparks spoke with two witnesses, Steve Conner and Steve Hickson. After being informed that the vehicle operated by the Defendant, Laura Long, had tailgated other vehicles, had operated her vehicle erratically, had struck the rear of Mr. Conner's vehicle, and had subsequently tried to leave the scene, Officer Sparks initiated contact with the Defendant. When the Defendant tried to leave, one of the witnesses took her car keys and held them until the police arrived. Thus, when Officer Sparks arrived, the Defendant's vehicle was not running and the keys were not in the ignition. As Officer Sparks approached the Defendant's vehicle, she observed the Defendant behind the wheel in a "fetal-like" position, her knees under her chin, rocking back and forth and sobbing. When Officer Sparks asked the Defendant if she was injured, the Defendant repeated several times "I want my mom." Officer Sparks noted that the Defendant appeared to be "in a daze," that her speech was slightly slurred, and the officer detected a slight odor of alcohol coming from the Defendant's person. The Defendant made no response to the officer's request for her name and operator's license. Officer Sparks then directed the Defendant to exit her vehicle and, when the Defendant failed to respond, Officer Sparks opened the Defendant's car door and repeated her instruction for the Defendant to get out of the vehicle. When the Defendant failed to respond, Officer Sparks physically assisted the Defendant out of her car and, once out of the car, the Defendant had difficulty standing. After the Defendant told Officer Sparks that she had had a "few beers," the Defendant was arrested at 6:58 p.m. for driving under the influence. No field tests were administered to the Defendant.

Upon being informed of her arrest, the Defendant became very upset and began crying and screaming for the officer not to hurt her. The Defendant repeatedly said "I need to sit" and would not stand up. While on the ground the Defendant began thrashing around, groaning, dry heaving and, at one point, attempting to cling to one of the tires on her vehicle. Officer Sparks observed that the Defendant appeared incoherent. Suspecting that the Defendant was under the influence of substances in addition to alcohol and concerned for the Defendant's well being, Officer Sparks summoned the Roanoke County Fire and Rescue Department. (The Roanoke County Fire and Rescue Department shall hereafter be referred to as "the rescue squad.")

The rescue squad arrived on the scene of Defendant's arrest at 7:23 p.m. The medics treated the Defendant until 7:42 p.m., at which time the Defendant was transported to the hospital. The Defendant's medical treatment continued during transport. At Lewis Gale Hospital, the vehicle transporting the Defendant was diverted to Roanoke Memorial Hospital, where the Defendant arrived at 8:18 p.m. The reasons for the diversion

were not clear from the evidence presented. To maintain custody of the Defendant, Officer Sparks remained with the Defendant during her transport to the hospital and while she was at the hospital. After being treated by hospital personnel for almost four hours, the Defendant was discharged at 12:05 a.m. on October 14, 2013. Upon her discharge, the Defendant was transported by Officer Sparks to the Roanoke County Salem Jail, arriving at 12:23 a.m. Appearing before the magistrate, the Defendant was formally advised of the implied consent law at 12:45 a.m. No issue has been raised regarding the sufficiency of the advisal. Warrants were subsequently issued, charging the Defendant with driving under the influence, refusal, and aggressive driving.

## Opinion

### A. *Probable Cause To Arrest*

Va. Code § 19.2-81 confers upon a police officer the authority, within three hours of the occurrence of an accident involving a motor vehicle, to arrest without a warrant "any person whom the officer has probable cause to suspect of driving or operating such vehicle while intoxicated." In the context of this arrest authority, it is well settled that "probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Taylor v. Commonwealth*, 222 Va. 816, 820, 284 S.E.2d 833 (1981). In determining whether a police officer had probable cause to arrest a Defendant, a trial court must consider the totality of the facts and circumstances presented and what those facts and circumstances reasonably meant to a police officer with investigative knowledge, training, and experience. *See Jones v. Commonwealth*, 279 Va. 52, 59, 688 S.E.2d 269 (2010) (citations omitted). Thus, "an officer investigating whether an offense has been or is being committed is permitted to make common sense conclusions about human behavior in assessing the situation." *Bristol v. Commonwealth*, 47 Va. App. 584, 598, 625 S.E.2d 676 (2006) (citations omitted).

Applying the foregoing to the instant case, it is clear that Officer Sparks had probable cause to arrest the Defendant on October 13, 2013, for driving under the influence. At the time of the Defendant's arrest, the officer had reasonably trustworthy information about the Defendant's erratic driving, tailgating, the motor vehicle accident she caused when she rear-ended another vehicle, and her attempt to leave the scene. Based on the proximity of her contact with the Defendant, Officer Sparks detected an odor of alcohol emanating from the Defendant who admitted to having consumed "a few beers." In addition, Officer Sparks observed the Defendant's slurred speech, her dazed demeanor and her strange conduct. Considering the totality of

these circumstances and the common sense conclusions Officer Sparks was entitled to make about the Defendant's condition and behavior, the existence of probable cause at the time of the Defendant's arrest is evident.

## B. *Delay in Presentation before Magistrate*

Va. Code § 19.2-82 requires that a person arrested without a warrant shall be brought forthwith before a magistrate. The duty imposed by the *forthwith* requirement of Va. Code § 19.2-82 has been construed to impose the same duty as the duty to bring a person arrested under a warrant or capias before a magistrate *without unnecessary delay*, as required by Va. Code § 19.2-80. *Alatishe v. Commonwealth*, 12 Va. App. 376, 378, 404 S.E.2d 81 (1991) (emphasis added). Furthermore, it is well settled that the failure to promptly present an arrested person as required by either Va. Code § 19.2-82 or Va. Code § 19.2-80 is a mere procedural violation unless it involves error of constitutional dimension, which arises only if the failure results in the Defendant's loss of exculpatory evidence. *Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267 (1986) (citation omitted).

In the instant case, the Defendant was arrested at 6:58 p.m. Due to the Defendant's strange and erratic behavior, the officer summoned the rescue squad to check the Defendant's medical condition. Once on the scene, medical treatment was immediately administered to the Defendant and, after nineteen minutes of such treatment, the Defendant was transported to the hospital. The decisions to administer medical treatment and, ultimately, to take the Defendant to the hospital were not made by Officer Sparks, but rather by trained rescue squad personnel. During transport, the Defendant received additional medical attention. After being diverted from Lewis Gale Hospital to Roanoke Memorial Hospital, the Defendant arrived at Roanoke Memorial Hospital at 8:18 p.m. At the hospital, the Defendant was treated until her discharge at 12:05 a.m. on October 14, 2013. All decisions regarding the nature and duration of the medical treatment that was administered to the Defendant at the hospital were made by the doctors and nurses involved in treating the Defendant. Clearly, Officer Sparks had no input into any of these medical decisions. Immediately upon the Defendant's discharge, Officer Sparks transported the Defendant to the magistrate before whom the Defendant appeared at 12:45 a.m.

The Defendant contends that the five hour and forty-seven minute delay in presenting her to a magistrate was a violation of Va. Code § 19.2-82 and that the violation deprived her of exculpatory evidence. The Defendant argues that the alleged delay began at the time of her arrest at 6:58 p.m. on October 13, 2013, and continued until she was advised of the implied consent law by the magistrate at 12:45 a.m. on October 14, 2013. As a result, the Defendant argues that her due process rights were violated. This contention, however, is belied by the evidence. As previously determined, the arrest of the Defendant at 6:58 p.m. on October 13, 2013, by Officer

Sparks was proper and constitutionally justified. Based on her observation of and interaction with the Defendant, Officer Sparks had concerns for the Defendant's health and safety. These concerns justified the officer's conclusion that the Defendant was in need of medical treatment. As a result, Officer Sparks called the rescue squad and requested that medical personnel respond to the scene of the Defendant's arrest. The officer's concerns regarding the Defendant's condition were the product of the officer's observations and her training and experience and, as such, were clearly justified. Based on the evidence, the officer's decision to have the Defendant medically evaluated was both prudent and reasonable. Consequently, the decision to remain at the arrest location from 6:58 p.m. until the rescue squad arrived at 7:23 p.m. and medically evaluated the Defendant was not an unnecessary delay.

At the scene, rescue squad medics evaluated the Defendant and agreed with the officer's assessment that medical treatment was necessary. After nineteen minutes of medical treatment on the scene, the decision was made by the medics that the Defendant needed treatment at a hospital. The Defendant was then transported to the hospital. Efforts to address the Defendant's medical needs continued during transport. After arriving at the hospital at 8:18 p.m., the Defendant was provided medical treatment by hospital personnel until she was discharged at 12:05 a.m. on October 14, 2013. Thus, it was because of her condition that the Defendant was provided continuous medical treatment for four hours and forty-two minutes, from 7:23 p.m. until 12:05 a.m. the next day, of the five hour and forty-seven minute delay of which she complains. It is the conclusion of this Court that the Defendant's medical treatment and, more specifically, the duration of time during which it was provided were medically justified and necessary and did not constitute the unnecessary delay proscribed by Va. Code §§ 19.2-80 and 19.2-82.

The Defendant was presented to the magistrate within forty minutes of her discharge from Roanoke Memorial Hospital. Upon consideration of the evidence and circumstances of this case, it is the conclusion of this Court that this forty-minute period, even when aggregated with the twenty-five minute period prior to the commencement of the Defendant's medical treatment, does not constitute unnecessary delay as statutorily proscribed.

In support of her motion, the Defendant contends that the delay caused her to lose evidence such as "photographs of the crime scene, tire tracks, vehicle damage, and documentation of weather conditions." Nothing, however, was presented to show that any such evidence would be exculpatory. To simply refer to such evidence as exculpatory or suggest that it may be exculpatory does not make it so. Thus, the Defendant's contention regarding the exculpatory nature of any such evidence is little more than speculation. As such, it is unpersuasive. Consequently, even if Officer Sparks had failed to "forthwith" present the Defendant before a magistrate,

the statutory violation would not rise to the level of a constitutional deprivation of the Defendant's due process rights.

Accordingly, for the above stated reasons, the Defendant's arrest was proper and comported fully with applicable constitutional and statutory requisites. The Defendant's Motion To Suppress is, therefore, denied.